IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50011
Conference Calendar
_____

WILLIE FRANK MARSHALL,

Plaintiff-Appellant,

versus

HERB HANCOCK; KARNES COUNTY GRAND JURY FOREMAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-1083-EP
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Willie Frank Marshall, Texas prisoner # 721361, has filed an application for leave to proceed in forma pauperis (IFP) on appeal, following the district court's dismissal of his 42 U.S.C. § 1983 complaint. By moving for IFP, Marshall is challenging the district court's certification that IFP should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

The district court held that Marshall was challenging his conviction, that his claims were barred under Heck v. Humphrey,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

512 U.S. 477 (1994), and that he must challenge his conviction in a habeas corpus proceeding. Marshall argues that he is not attempting to challenge his conviction, but merely the violation of due process committed by the defendants in not following the legal procedures for obtaining his indictment by a grand jury as required by law.

The arguments in Marshall's brief make it clear that he is attempting to challenge his conviction in this § 1983 action. "A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been `reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996) quoting Heck, 512 U.S. at 486-87. The district court correctly held that Marshall's claim that his indictment was fraudulently obtained necessarily implicates the constitutionality of his conviction and is barred by Heck.

Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Marshall's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Marshall is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir.

1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Marshall that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.