IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21047
Conference Calendar
_____


DERVAN VALINTINE COX,

                                        Plaintiff-Appellant,

versus

THE CITY OF TOMBALL POLICE DEPARTMENT,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-1406
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Dervan Valintine Cox, Texas prisoner # 498198, has filed an application for leave to proceed in forma pauperis (IFP) on appeal, following the district court's dismissal as frivolous of his 42 U.S.C. § 1983 complaint. By moving for IFP, Cox is challenging the district court's certification that IFP should not be granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court held that Cox was challenging his conviction, that his claims were barred under Heck v. Humphrey, 512 U.S. 477 (1994), and that he must challenge his conviction in a habeas corpus proceeding.

The arguments in Cox's 42 U.S.C. § 1983 action make it clear that he is attempting to challenge his conviction. The district court correctly held that Cox's claim necessarily implicates the constitutionality of his conviction and is barred by Heck. See Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996).

To the extent Cox sought injunctive relief, i.e., an order that the City hold a Martin Luther King celebration, he failed to state a claim. "To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States and a violation of that right by one or more state actors." Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). Cox has not alleged the violation of a constitutional right regarding such a celebration.

Accordingly, we uphold the district court's order certifying that the appeal presents no nonfrivolous issues. Cox's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Cox is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) We caution Cox that once he accumulates three strikes, he may not

proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.