Keith HUDSON, Plaintiff–Appellant,

v.

Yvonne L. HUGHES, Attorney; City of New Orleans; Unidentified Parties; District Attorney's Office; Susan Richardson; Maurice Landrieu, Defendants–Appellees.

No. 95–30874.

United States Court of Appeals, Fifth Circuit.

Nov. 5, 1996.

---

Keith Hudson, Department of Public Safety and Corrections, St. Gabriel, LA, pro se.

Yvonne L. Hughes, New Orleans, LA, pro se.

Greta L. Wilson, Avis Marie Russell, Office of the City Attorney for the City of New Orleans, New Orleans, LA, Terri Fleming Love, New Orleans, LA, for City of New Orleans.

William Francis Wessel, Charlotte Ann Legarde, Wessel and Associates, New Orleans, LA, for District Attorney's Office, Richardson and Landrieu.

Before POLITZ, Chief Judge, and JOLLY and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Inmate Keith Hudson appeals the district court's dismissal of his *pro se* and *in forma pauperis* § 1983 complaint. The district court dismissed with prejudice Hudson's claims against the Orleans Parish District Attorney's Office on the basis of Eleventh Amendment immunity[1] and his claims against Assistant District Attorneys Susan Richardson and Maurice Landrieu on the basis of absolute immunity. The district court similarly dismissed with prejudice Hudson's claim against his defense attorney, Yvonne Hughes, on the basis that Hughes is not a state actor for purposes of section 1983 liability. Relying on the Supreme Court's recent decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the court also dismissed with prejudice Hudson's section 1983 claims based on false arrest and excessive force during an arrest against the City of New Orleans, police officers Sherman Defillo and Lawrence Hingle and K–9 Officer Anthony Lanasa. Finally, to the extent that the various allegations of Hudson's complaint raised *habeas corpus* claims attacking the fact of his confinement, the court dismissed without prejudice for failure to exhaust.

Hudson does not challenge the dismissal of his claims against Hughes or Assistant District Attorneys Richardson and Landrieu. Therefore, these claims are deemed abandoned, *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir.1993), and the judgment of the district court dismissing these section 1983 claims with prejudice is final. Hudson does appeal the dismissal of his claims against the district attorney's office, the City of New Orleans and Officers Defillo, Hingle, and Lanasa, as well as the dismissal of his habeas corpus claims. For the reasons that follow, we affirm the judgment of the district court on these claims.

I

Hudson was arrested on February 22, 1994, and charged with aggravated burglary, felon in possession of a firearm, battery of an officer, battery of a police dog, resisting arrest, resisting arrest by fleeing, possession of stolen property, simple assault, and the illegal carrying of a concealed weapon. The district attorney's office later dismissed all charges against Hudson except two: felon in possession of a firearm and battery of an officer. After separate trials, Hudson was convicted of both charges.

On February 27, 1995, Hudson used a form designed for prisoner complaints concerning conditions of confinement to file an action under 42 U.S.C. § 1983 in federal district court. In handwritten pages attached to the form, Hudson alleged that during his arrest, based on an aggravated burglary complaint, a police officer incited a K–9 dog to bite Hudson while he was lying face down, and that the officer kicked Hudson and hit him with a flashlight. Hudson further alleged that the person identified by police as the burglary victim, Shelia George, neither called the police nor filed the incident report in which she was named and therefore that the police arrested him on the basis of a falsified police report. Hudson also alleged that George asked the district attorney's office to drop all charges against him after learning of the falsified police report. Hudson contends that his prosecution and conviction on the charges for felon in possession of a firearm and for battery of an officer are "fruits of the poisonous tree" of his illegal arrest on falsified charges. *Id.*

Hudson also made various allegations of ineffective assistance of counsel against his retained counsel, Yvonne Hughes. He alleged that between March and November of 1994, Hughes never met with him to discuss his case and that he only saw her at court appearances; that he requested Hughes to file an appeal of his battery conviction, but that Hughes did not acknowledge his request and that he has no knowledge of an appeal having been filed; that he was convicted of the battery charge at a bench trial without physical evidence or the testimony of the arresting officers; that at his trial on the felon in possession charge, Hughes presented no evidence or witnesses, did not challenge

---

1. By order of this court, the question of Eleventh Amendment immunity was severed on September 18, 1996, and constitutes a separate case and appeal.

the State's contention that fingerprints could not be lifted from a gun, failed to introduce evidence from George that would have contradicted the police officers' testimony, and allowed the State's witnesses to commit perjury; and that Hughes has not contacted him regarding an appeal of his conviction as a felon in possession of a firearm.

Finally, at the end of his complaint, Hudson made the vague allegation that the conditions and procedures of the facilities maintained by the Orleans Parish Sheriff's Office failed to comply with recent federal court orders. Hudson asked for relief only in monetary damages.

Hughes and the City of New Orleans answered the complaint. The district attorney's office and the district attorney, Harry Connick, however, responded by filing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) based on Eleventh Amendment immunity, absolute prosecutorial immunity, *Heck v. Humphrey*, and failure to exhaust state habeas remedies. Hudson opposed the motion to dismiss, arguing that the assistant district attorneys were not immune and outlining numerous alleged instances of prosecutorial misconduct in the handling of the trial.

In a written report filed on July 7, 1995, the magistrate judge recommended that Hudson's claim be dismissed. The magistrate judge concluded that Assistant District Attorneys Richardson and Landrieu were absolutely immune from suit under section 1983 for the conduct alleged by Hudson, that Defense Attorney Hughes was not a state actor for section 1983 purposes, and that the Orleans Parish District Attorney's Office possessed Eleventh Amendment immunity from suit. The magistrate judge further concluded that Hudson's section 1983 claim for false arrest and excessive force during an arrest against the City of New Orleans and Officers Defillo, Hingle, and Lanasa necessarily implied the invalidity of his convictions for battery of an officer and felon in possession of a firearm. Having made this determination, the magistrate judge recommended the dismissal with prejudice of Hudson's section 1983 claims against the City of New Orleans and Officers Defillo, Hingle. and Lanasa pursuant to *Heck v. Humphrey*. Finally, the magistrate judge construed Hudson's complaint as raising *habeas corpus* claims attacking the fact of his confinement, as to which he recommended dismissal without prejudice for failure to exhaust.

Hudson filed written objections to the magistrate judge's report on August 7, 1995, arguing that he had alleged an Eighth Amendment violation based on excessive force that cannot be considered frivolous, that the magistrate judge misconstrued his complaint as a *habeas corpus* matter, and that local governments are not protected by the Eleventh Amendment. On August 18, 1995, the district court adopted the magistrate judge's report and recommendation in its entirety and entered final judgment dismissing the complaint with prejudice as to the section 1983 claims and without prejudice as to the habeas claims.

We now consider only the dismissal of Hudson's habeas claims and his section 1983 claims against the City of New Orleans and Officers Defillo, Hingle, and Lanasa. As earlier noted, Hudson has abandoned his claims against Hughes, Richardson and Landrieu, and the issue of Eleventh Amendment immunity has been severed and is not part of this appeal.

## II

■ We first consider the impact of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), on Hudson's section 1983 claims against the City of New Orleans and Officers Defillo, Hingle, and Lanasa. Without articulating the essence of Hudson's claim, the magistrate judge concluded that Hudson's "action is clearly the type of case to which the *Heck* court refers [given the fact that his] damages claim is connected to the legality of his present incarceration."

In his complaint, Hudson contends that he was brutally beaten during his arrest, that excessive force was used, and that these acts were unconstitutional. He asserts that his constitutional rights under the First, Fourth, Sixth, Eighth and Fourteenth Amendments were violated by his arrest and his prosecution. Liberally construed, Hudson's complaint appears to challenge his arrest on two

separate grounds: (1) that excessive force was used when arresting him, and (2) that he was arrested falsely for burglary because prosecutors charged him with battery of an officer and felon in possession of a firearm, but not burglary.

■ A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions that are "still outstanding." *Id.* at ——, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of *outstanding criminal judgments* applies to § 1983 damages actions that necessarily require the plaintiff to prove *the unlawfulness of his conviction or confinement, . . .*") (emphasis added).

■ The maturity of a section 1983 claim therefore depends on "whether a judgment in [the plaintiff's] favor . . . would necessarily imply the invalidity of his conviction." *Id.* at ——; 114 S.Ct. at 2372; *see also Wells v. Bonner*, 45 F.3d 90, 94 (1995). The Court noted, however, that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. at —— n. 7, 114 S.Ct. at 2372 n. 7. This is true "[b]ecause of doctrines such as independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." *Id.* (citations omitted).

Hudson's convictions and sentences have not been reversed on direct appeal, expunged, declared invalid or otherwise called into question in a habeas proceeding. Hudson's section 1983 action may be entertained,

therefore, only if the court determines that holding in Hudson's favor will not necessarily call into question the validity of his convictions.

Applying this test, we must conclude that neither Hudson's false arrest claim nor his excessive force claim is cognizable under section 1983. Hudson alleges that he was arrested falsely for burglary because the district attorney only prosecuted him for battery of an officer and felon in possession of a firearm; he did not prosecute him for burglary. If proved, however, Hudson's false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm. Specifically, if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the "fruit" of an illegal arrest. *See United States v. Wadley*, 59 F.3d 510, 512 (5th Cir.1995). Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case: the police discovered the firearm in Hudson's possession when he was knocked from his bike during the burglary arrest and we see no reason reflected in the record before us to believe that the police would have discovered the firearm had they not arrested Hudson for burglary. Thus, because a successful section 1983 action for false arrest on burglary charges necessarily would imply the invalidity of Hudson's conviction as a felon in possession of a firearm, *Heck* precludes this claim.

■ We also agree with the district court that *Heck* precludes Hudson's section 1983 claim based on excessive force during an arrest. Hudson points out, however, that in *Wells v. Bonner*, this court assumed without deciding that an excessive force claim would not imply the invalidity of a conviction for resisting a search. *Wells*, 45 F.3d at 95. Furthermore, addressing this question in *Smithart v. Towery*, the Ninth Circuit concluded that *Heck* does not bar a civil rights action alleging excessive force brought after

the plaintiff entered an *Alford* plea to a charge of assaulting the arresting officers with a deadly weapon. 79 F.3d 951, 952–53 (9th Cir.1996). The Ninth Circuit reasoned that the plaintiff's claim that officers used force far greater than that required for his arrest is conceptually distinct from his conviction for assault with a deadly weapon, and that a successful suit on the former would not necessarily imply the invalidity of the latter. *Id.*

■ Although this observation may be applicable in many section 1983 claims of excessive force, it does not help Hudson today. Hudson was arrested and convicted of battery of an officer. In Louisiana, self-defense is a justification defense to the crime of battery of an officer. *See* LSA–R.S. 14:19;[2] *Louisiana v. Blancaneaux*, 535 So.2d 1341 (La.App.1988)(discussing justification defense to battery of officer conviction). To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. *Blancaneaux*, 535 So.2d at 1342. Because self-defense is a justification defense to the crime of battery of an officer, Hudson's claim that Officers Defillo, Hingle, and Lanasa used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction. We conclude therefore that to the extent that Hudson seeks to recover from the City of New Orleans and Officers Defillo, Hingle, and Lanasa for the defendants' alleged use of excessive force during his arrest, his section 1983 action may not proceed.

III

■ The district court also construed the allegations of Hudson's complaint as raising *habeas corpus* claims attacking the fact of his confinement, which the court dismissed without prejudice for failure to exhaust. Hudson argues that this is not a habeas corpus action and therefore not subject to the exhaustion requirements because (1) he "already got a ruling pertinent to that issue of law in *Hudson v. Foti*, 95–1250," and (2) "there is no documented case law that says that if a Civil Rights violation is committed, the injured party must wait until the exhaustion of useless state remedies."

■ Hudson is correct that exhaustion of state habeas remedies is not a prerequisite to filing his section 1983 claims. As we have earlier noted, however, certain claims are not cognizable under section 1983. If such claims alternatively are habeas claims, exhaustion is required. Here, for example, Hudson's claims against Hughes for ineffective assistance is not cognizable in this section 1983 action because his attorney is not a state actor. *See Polk County v. Dodson*, 454 U.S. 312, 324–25, 102 S.Ct. 445, 453–54, 70 L.Ed.2d 509 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir.1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). As such, this claim is in the nature of a habeas claim. Furthermore, Hudson's claims against the assistant district attorneys for prosecutorial misconduct are not appropriate for this section 1983 suit because they are entitled to absolute immunity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994). If the prosecutor's conduct affects the constitutionality of his conviction, the claim may be raised in a habeas proceeding.

Hudson does not allege that he has exhausted his state court remedies. Although

2. LSA–R.S. 14:19 provides:
   The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.

Hudson cites a case name and number, implying that he has filed a state habeas petition, we could locate no record of the state court case through independent research. Because this information is insufficient to demonstrate that Hudson has exhausted his state habeas remedies, we affirm the district court's dismissal without prejudice of Hudson's alleged section 1983 claims that might be raised in a habeas proceeding.

## IV

Accordingly, the judgment of the district court dismissing Hudson's section 1983 claims with prejudice against Yvonne Hughes, Susan Richardson, and Maurice Landrieu is final given the fact that Hudson does not challenge the dismissal of those claims on appeal. In addition, we AFFIRM the dismissal without prejudice of Hudson's section 1983 claims.

AFFIRMED.