IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50950
Summary Calendar

_____

RONNIE HERNANDEZ,

Plaintiff-Appellant,

versus

BILL BOLES, Deputy, Medina County, in
his individual and official capacity;
MEDINA COUNTY; WESLEY SCOTT, Sheriff,
Medina County Sheriff's Department; JIM
JENKINS, Commissioner of Medina County
in his official capacity; STANLEY
KELLER, JR, Commissioner of Medina
County in his official capacity; ENRIQUE
SANTOS, Commissioner of Medina County,
in his official capacity; LOUIS
EHLINGER, Commissioner of Medina County,
in his official capacity,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
(94-CV-731)
- - - - - - - - - - -

June 17, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Ronnie Hernandez appeals the district

court's entry of judgment against him in the civil rights lawsuit

he brought against Deputy Bill Boles and several other officials of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Medina County, Texas. Hernandez's complaint alleged that Boles used excessive force while arresting him for public intoxication. Boles moved for partial summary judgment on the basis of qualified immunity, but the district court denied the motion. The defendants later filed a motion to dismiss, arguing that Hernandez's suit was barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and <u>Hudson v. Hughes</u>, 98 F.3d 868 (5th Cir. 1996). The district court converted the motion into a motion for summary judgment and granted the motion.

In an appeal from an order granting summary judgment, we review the record de novo. <u>Duckett v. City of Cedar Park, Tex.</u>, 950 F.2d 272, 276 (5th Cir. 1992). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>Amburgey v. Corhart Refractories Corp.</u>, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the genuine issue for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 321 (1986).

Hernandez argues that the district court erred in determining that <u>Heck</u> bars a 42 U.S.C. § 1983 claim that, if successful, would imply the invalidity of a conviction obtained by a plea of nolo contendere. He notes that such a plea may not be used in a civil case in Texas as an admission. <u>See</u> TEX. CRIM. P. CODE ANN. § 27.02(5)

2

(West 1999).  Hernandez's argument misses the mark.  In <u>Heck</u>, the Supreme Court held that a § 1983 claim that "would necessarily imply the invalidity" of a conviction is not cognizable until the conviction has been set aside.  512 U.S. at 487.  Whether the conviction was obtained at trial, by a guilty plea, or by a nolo plea is irrelevant to this inquiry.  A court considering a defense under <u>Heck</u> has no need to consider the plea as evidence; the court instead looks merely to whether an implicated conviction has been overturned.  <u>See</u> <u>id.</u> at 486-87.  The fact that Hernandez's conviction was obtained after he pleaded no contest is of no importance under <u>Heck</u>.  <u>Cf.</u> <u>Smithart v. Towery</u>, 79 F.3d 951, 952 (9th Cir. 1996) (applying <u>Heck</u> to a conviction obtained via an <u>Alford</u> plea).

Hernandez also argues that the district court erred in applying <u>Hudson</u> to his case.  In <u>Hudson</u>, we held that <u>Heck</u> precluded a Louisiana prisoner's § 1983 excessive-force claim.  98 F.3d at 873.  In Louisiana, we noted, self-defense is a justification defense to a charge that a defendant battered a police officer.  <u>Id.</u>  Hudson's suit was barred by <u>Heck</u>, because any showing that the officer had used unreasonable force would have necessarily implied that Hudson could have prevailed at trial on a theory of self-defense.  <u>Id.</u>

As Hernandez concedes, self-defense is a justification defense in Texas as well.  He argues that the existence of the defense in Texas is irrelevant because he has never attempted to attack his conviction on the basis of self-defense.  Nothing in <u>Hudson</u>,

3

however, limits its applicability to situations in which a defendant litigated and lost a justification defense. Rather, the correct inquiry is whether the new § 1983 claim "would *necessarily* imply the invalidity" of a valid conviction. Heck, 512 U.S. at 487 (emphasis added). As Hudson's new claim would have necessarily implied that he could have prevailed at trial, Heck precludes his claim. Hernandez has not distinguished his situation from Hudson's.

Hernandez contends further that the district court erred in granting summary judgment on the authority of Heck after it had previously denied summary judgment on the basis of qualified immunity. A denial of a motion for summary judgment will not bar a subsequent motion based on a different legal theory. Curran v. Kwon, 153 F.3d 481, 487 & n.11 (7th Cir. 1998). To the extent Hernandez argues that the district court improperly made a credibility determination when granting the second motion, he is mistaken. The court did not make a finding of fact that Hernandez had assaulted Boles. It held that, as a matter of law, Heck barred consideration of Hernandez's claim unless his conviction was set aside.

Hernandez also suggests that in granting the second motion, the district court inappropriately relied on Boles's version of events and discounted evidence that the officer improperly retaliated against Hernandez's assault. This argument is not appropriate to the summary-judgment posture of the case, presenting the question whether there is a genuine issue of material fact and

4

whether the defendants were entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). <u>Hudson</u> will not support this argument, as it is premised on an understanding that the defendant's use of force and the officer's reaction are necessarily interrelated; Boles's use of force is not analytically separable from Hernandez's. <u>See</u> 98 F.3d at 873.

Hernandez argues that the district court erred in failing to determine whether his excessive force claim implicated an occurrence during or after arrest: If he was an arrestee, the Fourth Amendment would govern his claim; if he was a pretrial detainee, the Due Process Clause of the Fourteenth Amendment would control. <u>Brothers v. Klevenhagen</u>, 28 F.3d 452, 455-56 (5th Cir. 1994). The undisputed facts show that Hernandez was an arrestee. In <u>Valencia v. Wiggins</u>, 981 F.2d 1440 (5th Cir. 1993), we listed three indicia of being a detainee rather than an arrestee. The factors were whether (1) the incidents of arrest [had been] completed," (2) "the plaintiff had been released from the arresting officer's custody," and (3) "the plaintiff had been in detention awaiting trial." <u>Id.</u> at 1443-44. Here, all three of these factors indicate that Hernandez was still an arrestee when he was shot. Consequently, the district court did not err in considering Hernandez's claim under the Fourth Amendment.

AFFIRMED.