IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20919
Conference Calendar
_____

ERIC CANTRELL HOLMES,

Plaintiff-Appellant,

versus

CITY OF HOUSTON; HOUSTON POLICE DEPARTMENT; SAM NUCHIA, Police
Chief; B. MCDOWELL; THORMAEHLEN, Police Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-1377
--------------------
April 14, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Eric Cantrell Holmes, Texas prisoner # 786465, appeals the

district court's grant of summary judgment for the defendants in

this 42 U.S.C. § 1983 action.  The district court held that

Holmes's excessive force claim was barred by Heck v. Humphrey,

512 U.S. 477 (1994).  The district court addressed the merits of

Holmes's Fourth Amendment claims regarding the arrest warrant and

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the officers' entry into his home and determined that the summary judgment evidence showed that the officers had executed a valid arrest warrant.

Holmes argues that <u>Heck</u> should not apply because he filed this § 1983 action before his conviction for aggravated assault was final. Holmes does not cite any authority to support his argument that <u>Heck</u> should not apply merely because he happened to file his § 1983 action before he was convicted. His criminal prosecution was pending when he filed his lawsuit. By the time the district court was considering the merits of his lawsuit, he had been convicted. The district court could not ignore the fact of his conviction. Holmes offers no other argument regarding why the district court erred in applying <u>Heck</u>.

The district court did not apply <u>Heck</u> to Holmes's Fourth Amendment claims. Holmes does not dispute the fact that the officers showed a warrant to the persons who answered the door. He contends that the officers did not present the warrant to him or tell him what he was being arrested for. Holmes is not challenging the existence of a valid warrant or the officer's statement that he called to verify that a valid warrant signed by a magistrate judge existed. His argument is that the officers did not have the magistrate judge-signed warrant in their possession, but had only a Houston Police Department warrant, when they entered his home.

Holmes's argument about the officers' failure to possess and show him the warrant when they attempted to arrest him necessarily would call into question his conviction for

aggravated assault of a public servant.  The only relevance of his argument would be to suggest why he resisted arrest and fled. According to the reasoning of Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996), Holmes's Fourth Amendment claims are also barred by Heck.

Given this conclusion, the remainder of Holmes's arguments regarding the district court's procedural handling of his case need not be addressed.

Holmes's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.  Holmes is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  We caution Holmes that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; ALL OUTSTANDING MOTIONS DENIED.