IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20462
Conference Calendar

_____

NATHAN J. MCDADE,

                                        Plaintiff-Appellant,

versus

TOMMY B. THOMAS; G. S. PLASANT; SHERRA D. MILLER; ROBERT A.
WILKINSON; ME MCCLANG; ELIZABETH YANCURA; BRYAN HICKEY,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 99-CV-1041
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Nathan McDade ("McDade"), Texas prisoner # 800995, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). He argues that the district court abused its discretion in dismissing his complaint as barred by the applicable two-year statute of limitations.

     This court may "affirm the district court's judgment on any grounds supported by the record." Sojourner T v. Edwards, 974

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.2d 27, 30 (5th Cir. 1992). Dismissal of McDade's complaint as frivolous is supported by the record because his claims necessarily imply the invalidity of his conviction, and there is no indication that the conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. See Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996) (applying Heck v. Humphrey, 512 U.S. 477 (1994)). Accordingly, McDade's claims have not accrued. See id. The judgment of the district court is AFFIRMED.

This court issues McDade a sanctions warning. Under 28 U.S.C. § 1915(g), the "affirmance of a district court dismissal as frivolous counts as a single 'strike.'" Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Having already accumulated an earlier strike, see McDade v. Brown, No. 1:99-CV-274 (E.D. Tex. July 29, 1999), McDade now has accumulated at least two strikes. This court cautions McDade that if he accumulates a third "strike," he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.