IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41303
Summary Calendar
_____

ANTHONY TYRONE O'NEAL,

Plaintiff-Appellant,

versus

KENNETH WEEMS;
BLACKWELL, Officer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G:99-CV-750
--------------------
August 9, 2002

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Anthony Tyrone O'Neal, Texas prisoner number 536350, appeals the district court's grant of the defendants' motion for summary judgment in his 42 U.S.C. § 1983 suit and the concomitant dismissal of his suit with prejudice. This court reviews a district court's grant of summary judgment de novo. Threadgill v. Prudential Sec. Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998). O'Neal concedes that the district court's grant of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment to Officer Blackwell was proper, and he challenges only the district court's grant of summary judgment to Officer Weems.

The district court's dismissal of O'Neal's suit was based on its determination that the suit was barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), which held that a 42 U.S.C. § 1983 claim that "would necessarily imply the invalidity" of a conviction is not cognizable until that conviction has been overturned.  O'Neal does not assert that his conviction for assault on a public servant, which arose from the incident underlying the instant suit, has been set aside.  If O'Neal were to prevail on the excessive-force claim raised in the instant suit, this victory would necessarily imply that his conviction for assault on a public servant was invalid.  See Heck, 512 U.S. at 487; see also Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); TEX. PENAL CODE ANN. § 9.31(a) (Vernon Supp. 2002).  O'Neal has not shown that the district court erred in dismissing his 42 U.S.C. § 1983 suit.  Accordingly, the judgment of the district court is AFFIRMED.