IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20322
Conference Calendar
_____

WARREN PIERRE CANADY,

                                        Plaintiff-Appellant,

versus

M. BRUCE THALER; CARY STAPLES; C.A. WILLIAMS;
C.T. SPIVEY, Captain; ERIK BURSE; E.W. BROCK, Major;
TROY WEDGEWORTH; WILLIAM R. DURHAM; B. WEST, Captain;
ENOS H. HARRIS; CHRISTOPHER BROWN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-445
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Warren Pierre Canady, Texas prisoner # 723784, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action.

Canady argues that the district court abused its discretion in

dismissing his complaint because he had only two strikes against

him under 28 U.S.C. § 1915(g) and because the sanction of

dismissal was too severe.  We affirmed the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

previous sanction order. Canady v. Scott, No. 99-20345 (5th Cir. Mar. 23, 2000). The district court's enforcement of the sanction by dismissing this case for failure to comply with the sanction order was not an abuse of discretion.

Canady argues that his claims would not have been time-barred because his cause of action did not arise until November 15, 2001, when his state cause of action was dismissed. He is contending that he was required to exhaust state remedies before filing this 42 U.S.C. § 1983 action, and that the statute of limitations was tolled while he exhausted his claims in state court.

Exhaustion of state habeas remedies is not a prerequisite for filing a 42 U.S.C. § 1983 action. Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996). To the extent that Canady's claims were in effect habeas claims because they involved the loss of good-time credits after a disciplinary proceeding, Canady's claims have not accrued yet because he does not allege that his disciplinary cases have been reversed, expunged, or otherwise declared invalid. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Edwards v. Balisok, 520 U.S. 641, 647-48 (1997) (applying Heck to 42 U.S.C. § 1983 claims for damages for challenges to the procedures used in prison disciplinary proceedings if a favorable judgment would necessarily imply the invalidity of the prisoner's "conviction" in the disciplinary proceeding or the length of the prisoner's confinement).

Canady's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  See 5TH CIR. R. 42.2.

Canady has two strikes under 28 U.S.C. § 1915(g).  Canady v. Washington, No. 96-CV-1756 (S.D. Tex. Oct. 29, 1996) (dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)); Canady v. Scott, No. 99-20345 (5th Cir. Mar. 23, 2000)(affirming the district court's dismissal for frivolousness).  Canady is hereby informed that the dismissal of this appeal as frivolous counts as his third strike for purposes of 28 U.S.C. § 1915(g). Canady may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED.