United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41404
Summary Calendar

_____

PHILLIP JOE BARNES,

Plaintiff-Appellant,

versus

TIMOTHY BRAATEN, Chief of Police for City of Victoria;
VICTORIA POLICE DEPARTMENT; HUBERT TUCKER, JR.;
MIKE HERNANDEZ; JAMES MARTINEZ; ROY BOYD,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-00-CV-95
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Phillip Joe Barnes, Texas prisoner # 887643, proceeding pro
se, requests permission to proceed in forma pauperis (IFP) in his
appeal from the district court's dismissal of his 42 U.S.C.
§ 1983 complaint as frivolous, pursuant to 28 U.S.C. § 1915(e).
Citing FED. R. APP. P. 24(a)(3) and 28 U.S.C. § 1915(a)(3), the
district court certified that Barnes's appeal was "not taken in
good faith." Barnes argues that the district court erred in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

failing to certify his appeal as one in good faith because the Heck v. Humphrey, 512 U.S. 477, 487 (1994), bar did not apply because his claim of an unlawful search does not necessarily imply the invalidity of his conviction, which was based on a valid nolo contendere plea.

The district court provided no reason for certifying Barnes's appeal as one not taken in good faith. However, Barnes makes no issue of the fact that the district court failed to give its reason for decertification, and we view the district court's reason to be that Barnes's suit is barred by Heck.

We grant Barnes's motion to proceed IFP on appeal on the underlying Heck issue. Barnes has submitted a brief in support of his IFP application that adequately addresses the application of Heck to the facts of his case. Accordingly, we will proceed to the merits of his appeal.

In Heck, the Supreme Court directed that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal or otherwise invalidated by official action. Id. at 486-87 (footnote omitted). The "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (footnote omitted) In footnote seven, the Supreme Court explained that a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the 42 U.S.C. § 1983 plaintiff's still-outstanding conviction. Id. at 487 n.7. The Court reasoned that such an action, even if successful, might not necessarily imply that the plaintiff's conviction was unlawful in light of doctrines like independent source, inevitable discovery, and harmless error. Id.

For the first time on appeal, Barnes argues for the application of the "inevitable discovery" or "independent source" rules. Nor did he present this argument in his motion to set aside the verdict; wherein, he simply argued that Heck does not apply because he pleaded nolo contendre to the charges and stipulated to the admissibility of the crack cocaine. Lederette v. Louisville Ladder Co., 183 F.3d 339 at 342 (5ᵗʰ Cir. 1999) ("The court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he

might prevail if given the opportunity to try a case again on a different theory.")

In his complaint, Barnes merely alleged that the defendants conducted a warrantless search and that "evidence was illegally obtained and utilized to initiate a criminal prosecution against the Plaintiff." In his response to the district court's order for a more definite statement, Barnes stated that "[c]rack cocaine was found in the motel room. The substance found in the motel room was used against the Plaintiff in a criminal proceeding." Based on these allegations, the district court properly dismissed Barnes' complaint, which on its face, alleges that evidence obtained from an illegal search (crack cocaine) was used to initiate a criminal prosecution (for illegal possession of crack cocaine). These allegations necessarily implicate the validity of the entire criminal proceeding brought against Barnes. See Hudson v. Hughes, 98 F.3d 868, 871-72 (5th Cir. 1996).

Although there may be situations where an illegal search and seizure does not implicate the underlying conviction, Barnes did not allege in his complaint or more definite statement any facts that would bring his case under the exceptions contemplated by footnote 7 of Heck. Rather, the allegations in his complaint directly link the improper police conduct with the initiation of his criminal prosecution. Accordingly, the district court's dismissal is AFFIRMED.

IFP GRANTED; the decision below AFFIRMED.