Kenneth PLAISANCE et al.

v.

Kern REESE et al.

No. CIV.A. 02–3436.

United States District Court,
E.D. Louisiana.

Sept. 13, 2004.

Kenneth Michael Plaisance, Law Offices of Kenneth M. Plaisance, New Orleans, LA, for Kenneth M. Plaisance, individually, and on behalf of Ariane Patrice Holland Plaisance, William Gary McGahee, individually, and on behalf of Sean McGahee, plaintiffs.

Nancy J. Marshall, Anne Burguieres Rappold, Deutsch, Kerrigan & Stiles, David Bernard Levitt, Law Offices of David B. Levitt, Esq., New Orleans, LA, for Bruce McConduit, in his individual and official capacity as Judge of Municipal Court Parish of Orleans, Unidentified Party, Officer, in his official and individual capacity, defendants.

### ORDER AND REASONS

LEMMON, District Judge.

**IT IS HEREBY ORDERED** that Bruce McConduit's motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, is **GRANTED**. (Document # 35.)

**IT IS FURTHER ORDERED** that the plaintiffs' cross-motion for summary judgment is **DENIED**. (Document # 38.)

**IT IS FURTHER ORDERED** that the plaintiffs' motion *in limine* to strike the documents attached to the defendant's motion for summary judgment is *DENIED*. (Document # 48.)

### I. BACKGROUND

On November 16, 2001, Judge Kern Reese, Civil District Court for the Parish of Orleans, signed an order granting sole custody of Ariane Emma Patrice Plaisance to her mother, Nancy Lee Holland Van Bolden (Nancy Lee), permitting Nancy Lee to relocate to Jamaica with her minor children,[1] and increasing the amount of

---

1. Nancy Lee is also the mother of Sean   McGahey. William Gary McGahey is Sean's

child support owed by Ariane's father, Kenneth M. Plaisance (Plaisance). Defendant's exh. 5. Plaisance appealed, and on March 5, 2002, the Louisiana Court of Appeal for the Fourth Circuit vacated the November 16th ruling and remanded the matter because Plaisance had not received prior notice of the trial court's hearing. On November 20, 2001, Nancy Lee and the children relocated to Jamaica.

Plaisance, individually and on behalf of Ariane, filed a civil rights action under 42 U.S.C. §§ 1983, 1985, and 1986 against Bruce J. Judge McConduit and others,[2] alleging violations of his constitutional rights of due process, equal protection, and right to privacy.[3] In an amended complaint, McGahey was added as a plaintiff in his own right and on behalf of Sean.[4]

The plaintiffs allege that Judge McConduit acted as counsel for Nancy Lee and exercised improper influence in the proceeding to determine custody of their children by conspiring or aiding and abetting the kidnaping of the children and interfering with the custody rights of the fathers. *See* Amended complaint, ¶¶ 36 and 40. The plaintiffs allege that Judge McConduit "had an influence over Judge Kern Reese" and had a conflict of interest because he previously presided as a judge in Municipal Court over a case involving a complaint of battery which Plaisance filed against Nancy Lee. *Id.* at ¶¶ 35 and 36.

father.

2. This court dismissed the claim against Judge Kern Reese on October 2, 2003, and against the Federal Bureau of Investigation; Robert Mueller, the director of the Federal Bureau of Investigation; the State of Louisiana; and Attorney General Richard Ieyoub on October 23, 2003. The claims against the New Orleans Police Department and New Orleans Police Lieutenant G. Kreider were also dismissed.

3. Although there is some reference to violations of state law in the memoranda, the

Judge McConduit filed a "Motion for Judgment on the Pleadings and/or Motion for Summary Judgment Pursuant to Federal Rules of Civil Procedure 12(c) and 56." The plaintiffs filed a cross-motion for summary judgment.

## II. DISCUSSION

### A. Legal standard [5]

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.,* 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

### B. Section 1983, 1985, and 1986 claims

■ "To state a claim under § 1983, plaintiffs must allege two elements: first,

amended complaint alleges only federal claims of conspiracy to deprive the plaintiffs of their constitutional rights against Judge McConduit. *See* Amended complaint, ¶¶ 4 and 5.

4. Plaisance is an attorney representing himself, Ariane, and the McGaheys.

5. The motion is treated as one for summary judgment because matters outside the pleadings are presented to and not excluded by the court. *See* Fed.R.Civ.P. 12(c).

that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second that the deprivation occurred under color of state law." *Doe v. Rains County Ind. School Dist.,* 66 F.3d 1402, 1406 (5th Cir.1995). "Where an asserted interest is protected by a constitutional provision that operates only against the State, such as those of the Fourteenth Amendment, plaintiffs must also allege state action to satisfy the first step of alleging an actionable deprivation." *Id.* "Accordingly, in § 1983 suits alleging a violation of the Due Process Clause of the Fourteenth Amendment ... [p]laintiffs must (1) assert a protected 'liberty or property' interest and (2) show that they were deprived of that interest under color of state law." *Id.*

■ "A conspiracy may be charged under section 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act." *Pfannstiel v. City of Marion,* 918 F.2d 1178, 1187 (5th Cir.1990). To prevail on a conspiracy claim under § 1983, the plaintiffs must show (1) the existence of a conspiracy involving state action and (2) a deprivation of their civil rights in furtherance of the conspiracy. *Id.*

■ Private attorneys are not official state actors and, generally cannot be sued under § 1983. *See Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir.1996). Judge McConduit, therefore, is not a state actor when acting in his capacity as an attorney and is subject to suit under § 1983 only if he conspired with a state actor to deprive the plaintiffs of their constitutional rights.

■ In their amended complaint, the plaintiffs allege that Judge McConduit had an interest in the outcome of the case and that he "had an influence over Judge Kern Reese." *See* Amended complaint, ¶ 35. In paragraph 38, the plaintiffs allege that Judge McConduit "is a judge and influence[d] or prejudice[d] the State Court proceedings." In paragraph 40, the plaintiffs allege in a conclusory manner that they seek damages against Judge McConduit "for conspiring to or aiding and abetting or contributing to a kidnap of a child."

■ The conclusory allegations in the amended complaint are inadequate to support a claim under § 1983 that Judge McConduit conspired with Judge Reese. Further, the plaintiffs have not come forward with summary judgment evidence of a conspiracy between Judge McConduit and Judge Reese either in their pleadings or when presented with an opportunity to do so at oral argument.

■ Section 1985(3) [6] provides a cause of action if two or more persons conspire to deprive a person or class of person of the equal protection of the laws. The plaintiffs have not alleged facts to support a claim that McConduit conspired with Judge Reese or any other person to deprive them of their constitution rights. Accordingly, they have not alleged a claim under § 1985(3).

■ Section 1986 provides an action for neglecting to prevent a conspiracy under § 1985. Because the plaintiffs did not plead facts to support a conspiracy claim under § 1985, they cannot allege a claim under § 1986 that Judge McConduit is liable for failing to prevent the conspiracy.

---

**6.** Although the plaintiffs do not identify under what section the § 1985 claim is brought, only § 1985(3) applies. Section 1985(1) concerns a conspiracy to prevent an officer from performing duties, and § 1985(2) concerns a conspiracy to obstruct justice or intimidate a party, witness, or juror.