United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41022
Conference Calendar

JOSE COLLEGA REYES,

Plaintiff-Appellant,

versus

ROBERT D. HERRERA, Warden; DARRELL M. MEISNER,
Sergeant; STEPHEN W. MUNGER, Correctional Officer IV,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-91
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Collega Reyes, Texas prisoner # 505402, appeals the district court's denial of his Fed. R. Civ. P. 60(b) motion, in which he sought relief from the judgment dismissing his 42 U.S.C. § 1983 complaint. Reyes filed the complaint to challenge a disciplinary conviction, and he sought restoration of 1460 days of good time credits. The district court determined that Reyes could not assert his claim in a civil rights action unless he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first showed that his disciplinary conviction had been reversed, expunged, or otherwise declared invalid.

Reyes argues that the dismissal of his complaint makes it impossible for him to protect his right to file suit against the defendants because he cannot stay the statute of limitations. Reyes's concern is unfounded because his claim will not accrue until he has succeeded in overturning his disciplinary conviction. See Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996).

Reyes also contends that his action is cognizable under § 1983 because it would not result in an immediate or speedier release. He argues that he is merely seeking a full and fair disciplinary hearing. A "prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding." Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc). Reyes has not shown that the district court abused its discretion in denying his Rule 60 motion. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

Reyes's appeal of the denial of his Rule 60(b) motion is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), as does the district court's dismissal of his § 1983

complaint.  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996).  Reyes is cautioned that, if he accumulates three strikes under § 1915(g), he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.