# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50283
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2016

Lyle W. Cayce
Clerk

JOE W. CONWAY,

Plaintiff-Appellant

v.

CALDWELL COUNTY SHERIFF'S OFFICE; SHERIFF DANIEL LAW, In his official and non-official capacity; DETECTIVE ALLEN, In his official and non-official capacity; DEPUTY EVANS, In his official and non-official capacity; DEPUTY MCCONNELL, In his official and non-official capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-69

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joe W. Conway, Texas prisoner # 1904890, appeals the district court's grant of summary judgment and denial of motions for leave to file an amended complaint and reconsideration. Conway does not challenge the dismissal of his claims against the Caldwell County Sheriff's Office or the denial of his motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50283

for appointment of counsel.  Therefore, these issues are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Our review is de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010); FED. R. CIV. P. 56(a).

Conway's claims against Sheriff Law, Detective Allen, Deputy Evans, and Deputy McConnell are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and Conway's guilty plea does not prevent this bar, *see Ballard v. Burton*, 444 F.3d 391, 396-97 (5th Cir. 2006). Additionally, the facts are incompatible with the application of the independent source doctrine.  *See Heck*, 512 U.S. at 487 n.7.; *United States v. McKinnon*, 681 F.3d 203, 207-210, 207 n.3 (5th Cir. 2012); *United States v. Grosenheider*, 200 F.3d 321, 327 (5th Cir. 2000).  Thus, he cannot prevail.   *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996)("[I]t is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of [the item found during the allegedly unlawful search] as evidence in this case . . . . [so] a successful section 1983 action . . . would imply the invalidity of [the defendant's] conviction.")  Lastly, Conway has not shown that the district court erred in denying his motions to amend, *see Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013); *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010), or that the appellees' brief should be stricken as untimely.

MOTION TO STRIKE DENIED; AFFIRMED