# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50786
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 22, 2017

Lyle W. Cayce
Clerk

JOSHUA ADAM CONLAN,

Plaintiff-Appellant

v.

MICHAEL KING, Detective #4127, Austin Police Department; JOHN DOES 1-5, Police Officers, Austin Police Department; BRANDON SHEFFY, Austin Police #4622; MICHAEL MURRAY, Austin Police #3656; SERGEANT FNU SULLIVAN, Austin Police #3547; SERGEANT FNU MOSTIA, Austin Police #3446; BRETT MAGILL, Austin Police #4951; CITY OF AUSTIN; COUNTY OF TRAVIS; JOHN DOES 1-3; TRAVIS COUNTY CORRECTIONAL COMPLEX,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-169

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joshua Adam Conlan, federal prisoner # 81084-280, appeals the dismissal of his 42 U.S.C. § 1983 action in which he alleged various violations

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50786

of his constitutional rights incidental to an arrest.  The arrest led to a conviction for interstate stalking.  *See United States v. Conlan*, 786 F.3d 380, 383 (5th Cir. 2015).  The district court dismissed the action partly with prejudice, partly without prejudice, partly on the merits, and partly as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  We may affirm the judgment on any ground apparent from the record.  *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006).

On appeal, Conlan argues the merits of his claims of false arrest, self-incrimination, and the seizure of evidence from his motel room.  He also asserts that the district court should not have dismissed any claim "with prejudice," and that he should have been allowed to further amend his complaint more than the two times the district court allowed.

Because a judgment in Conlan's favor "would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless [Conlan] can demonstrate that the conviction or sentence has already been invalidated."  *Heck*, 512 U.S. at 487.  Conlan does not address whether his claims are barred by *Heck*, and he does not assert that his conviction has been vacated or overturned in any way.  Thus, any contention that his claims are not barred by *Heck* is abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

In any event, and regardless of the district court's limited application of *Heck*, we conclude that all of Conlan's claims on appeal are barred by *Heck*.  *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (applying *Heck* to bar an illegal-search claim); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (regarding self-incrimination); *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (regarding false arrest and malicious prosecution).  Conlan's conclusional assertion that he should have been allowed to further amend his complaint

No. 15-50786

lacks merit because, at best, he would only have augmented claims that are barred by *Heck*.

The appeal is DISMISSED. The district court's dismissal and our dismissal count as strikes under 28 U.S.C. § 1915(g). Conlan already has accumulated two strikes. *See Conlan v. United States,* 577 F. App'x 363, 364 (5th Cir. 2014). Conlan may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION BAR IMPOSED.