# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2019

Lyle W. Cayce
Clerk

RUTHEN JAMES WEEMS, III,

Plaintiff-Appellant

v.

SERGEANT CONLEY; JUAN AVILA; PAUL SCRIVNER; ALLEN THOMPSON; JASON STONE; JENNIFER HUSACK; JOHN ALLIVIO; DUSTIN LOSAK,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:15-CV-332

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Ruthen James Weems, III, Texas prisoner # 144318, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint against Waco Police Department Sergeant Conley and Officers Juan Avila, Jennifer Husack, Paul Scrivner, Jason Stone, Allen Thompson, and John Allovio, and McLennan County Sheriff's Deputy Dustin Losak. The district court granted the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50170

defendants' motions and dismissed Weems's complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  We review the grant of a motion to dismiss under Rule 12(b)(6) de novo.  *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 371 (5th Cir. 2008).

The district court concluded that Weems's unlawful entry, unlawful search and seizure, false arrest, false reporting, and false testimony claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they necessarily implied the invalidity of Weems's convictions for aggravated assault (enhanced) and unlawful possession of a firearm by a felon and Weems failed to allege that the convictions had been reversed, expunged, declared invalid, or called into question.  Weems challenges the district court's conclusion that that these claims were barred by *Heck*.

The firearm that served as the basis for Weems's convictions was a direct and indirect product of the allegedly unlawful entry, search, seizure, and arrest.  Although Weems argues that the firearm could have been admissible under the inevitable discovery doctrine because Officer Allovio left the premises to procure a search warrant at the time of the unlawful search and seizure, Weems acknowledges that the defendants did not have the requisite probable cause until after their allegedly unlawful entry into his motel room.  *See United States v. Ochoa*, 667 F.3d 643, 650 (5th Cir. 2012).  Thus, success on Weems's unlawful entry, search, seizure, and arrest claims would necessarily imply the invalidity of his convictions.  *See Heck*, 512 U.S. at 487; *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996).  Because Weems's false reporting and testimony claims were related to the admissibility of the firearm, success on these claims would likewise imply the invalidity of his convictions.  *See Heck*, 512 U.S. at 487.  Accordingly, the district court did not err in concluding that the foregoing claims were barred by *Heck*.  *See id.*

2

No. 18-50170

The district court also concluded that Weems failed to state a Fourth Amendment excessive force claim and that the defendants were entitled to qualified immunity. Weems argues that his allegations, if taken as true, were sufficient to state an excessive force claim and defeat the defendants' qualified immunity defense.

Because Weems's excessive force allegations were limited to Deputy Losak and Officers Allovio and Avila, the district court did not err in concluding that Weems failed to state an excessive force claim against Sergeant Conley and Officers Husack, Scrivner, Stone, and Thompson. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Further, although Weems's alleged injuries were sufficient to satisfy the injury requirement, *see Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017), Weems has not shown that the factual allegations in his complaint were sufficient to state a facially plausible claim that Deputy Losak and Officers Allovio and Avila used force that was clearly excessive and objectively unreasonable, *see Iqbal*, 556 U.S. at 678-79; *Westfall v. Luna*, 903 F.3d 534, 547-48 (5th Cir. 2018). Finally, even if Weems's allegations were sufficient to state a facially plausible excessive force claim, the allegations were not sufficient to show that the defendants' actions were objectively unreasonable in light of clearly established law at the time of his arrest. *See Iqbal*, 556 U.S. at 678-79; *Griggs v. Brewer*, 841 F.3d 308, 313-15 (5th Cir. 2016). Accordingly, the district court did not err in dismissing Weems's excessive force claim pursuant to Rule 12(b)(6).

AFFIRMED.