# United States Court of Appeals
# for the Fifth Circuit

No. 20-40162
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2021

Lyle W. Cayce
Clerk

Donald Wayne Herod,

*Plaintiff—Appellant*,

*versus*

D. Powell; M. Mills,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CV-271

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Donald Wayne Herod, Texas prisoner #1538539, appeals the dismissal of a 42 U.S.C. § 1983 civil rights action as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). The district court properly dismissed the action pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because Herod's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40162

claims based on an allegedly unlawful arrest are direct attacks on his conviction and 50-year sentence for third-offense driving while intoxicated. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

On appeal, Herod makes no argument relevant to the district court's ground for dismissal. Because Herod identifies no issues "arguable on their merits," his appeal is dismissed as frivolous. *Anders v. California*, 386 U.S. 738, 744 (1967); 5th Cir. R. 42.2.

Herod has filed motions to appoint counsel, to enter a default judgment, for funding for investigative services, to file supplemental briefing, and to set aside three strikes for frivolous litigation. These motions and all other requests for relief are denied.

Herod received a strike pursuant to 28 U.S.C. § 1915(g) from a district court in 2016 for failing to state a claim upon which relief may be granted under § 1983. *Herod v. Cosper*, No. 4:16-CV-537 (S.D. Tex. Mar. 2, 2016) (unpublished order). This court assessed a strike in 2019 against Herod upon affirming the dismissal of a § 1983 complaint under § 1915A(b)(1) for failure to state a claim. *Herod v. Univ. of Tex. Med. Branch*, 776 F. App'x 231, 233 (5th Cir. 2019). The district court's dismissal of the instant action and our dismissal of this appeal also count as strikes. *See Coleman v. Tollefson*, 575 U.S. 532, 537-38 (2015). Because Herod has at least three strikes, he is hereby barred from bringing any civil action or appeal while detained or incarcerated in any facility "unless [he] is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; ALL MOTIONS DENIED; THREE-STRIKES BAR IMPOSED.