United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 05-21000

————

AUBREY STEPHENS

Plaintiff-Appellant

v.

S A SCOTT, Police Officer; ET AL

Defendants

CITY OF HOUSTON; F J DOMINGUEZ; S G SANCHEZ; SUZANNE A SAMPSON

Defendants-Appellees

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-729

————

Before DENNIS, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Aubrey Stephens, the plaintiff, filed claims under 42 U.S.C. § 1983 against the City of Houston and three police officers, alleging that he was brutally beaten by officers who pulled him over on a traffic stop. He filed excessive force

—————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims as well as claims for deliberate indifference to medical needs, alleging that the officers sent paramedics away from the scene and denied him treatment for his injuries for several hours. The district court dismissed the claims against one officer, who was not properly served, and dismissed all of the other claims on summary judgment. Stephens has filed a pro se appeal from the summary judgment dismissals but has not appealed as to the officer who was not properly served. We review de novo, applying the same standards as the district court. Fierros v. Tex. Dep't of Health, 274 F.3d 187, 190 (5th Cir. 2001).

The district court dismissed Stephens's claims against Officer Sanchez, one of the officers who initially stopped him, under Heck v. Humphrey, 512 U.S. 477 (1994). The court held that because Stephens pled guilty to the crime of resisting arrest under Texas law, his excessive force claim was inconsistent with the prior guilty plea. Stephens argues that his excessive force claim is not inconsistent with his conviction for resisting arrest. We agree with the district court's conclusion to the contrary. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Sappington v. Bartee, 195 F.3d 234, 235 (5th Cir. 1999); see also Heck, 512 U.S. at 486-88. In Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996), we held that a claim of excessive force would necessarily imply the invalidity of a Louisiana conviction for battery of an officer. We noted that, if Hudson's claims of excessive force were proved, they would necessarily imply the conviction was invalid because Hudson's conduct would have been justified under Louisiana law as self-defense. Id.

Stephens pled guilty to resisting arrest, which in Texas requires as an element that the defendant prevent or obstruct a peace officer "by using force

against the peace officer or another." TEX. PENAL CODE § 38.03(a). We noted in Sappington that we would not consider any theoretical conduct that could have occurred to satisfy the elements of the offense but would instead review the sequence of events as alleged by the plaintiff on summary judgment. Sappington, 195 F.3d at 236-37 ("Accepting his version of events, his claim is necessarily inconsistent with his criminal conviction."). The plaintiff here alleged that he did not use force against the officers in any way - a version that would be plainly inconsistent with a conviction requiring the use of force. Stephens did, however, submit affidavits from two individuals, Arthur Hernandez and James Stephens, who alleged that they witnessed officers beating Stephens and that he attempted to pull himself underneath a truck to escape the beatings. The Texas Penal Code does not define "force," but several Texas courts have interpreted it in a way that could allow a conviction of a defendant for resisting arrest if he pulled himself underneath a truck. See Todd v. State, No. 08-05-00011-CR, 2006 WL 2635143, at *4 (Tex. App. Sept. 14, 2006) (unpublished) (holding that, by bracing himself against a doorframe to prevent officers from removing him from his house, a defendant used force); Spurk v. State, No. 03-03-00255-CR, 2004 WL 1403583, at *3 (Tex. App. June 24, 2004) (unpublished) (holding that a defendant used force when he pulled away from officers, dragging them on the ground for two feet). Thus, accepting the version of events alleged by the affidavits produced by Stephens, an attempt to pull himself underneath a truck could have, depending on the circumstances, constituted the use of force even if Stephens did not otherwise resist the officers.

That, however, does not end the inquiry into whether the claims are consistent with the prior conviction. We must also determine whether the version of events alleged by Stephens would imply the invalidity of the conviction because of any defense to the crime of resisting arrest. See Hudson, 98 F.3d at 873 (proceeding to evaluate whether the version of events was

consistent with the justification defense of self-defense); Ballard v. Burton, 444 F.3d 391, 400 (5th Cir. 2006) (evaluating whether the alleged conduct would have constituted self-defense and thus have been inconsistent with the conviction). In Texas, the use of force to resist a police officer is justified if "before the actor offers any resistance, the peace officer ... uses or attempts to use greater force than necessary to make the arrest or search" and "when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the" exercise of greater force than necessary to effect the arrest. TEX. PENAL CODE § 9.31(c). According to the affidavits submitted by Stephens, he only attempted to pull himself under the truck in response to beatings from officers who "beat him consecutively and excessively" and surrounded him hitting and kicking him. His own affidavit claims that six to eight officers attempted to murder him, beat him, and used a taser gun on him multiple times. Under Texas law, and accepting his version of events, any attempt to pull himself under a truck to avoid unlawful beatings would obviously have been justified in self defense, because Stephens had not resisted arrest prior to the point at which he alleges the officers began attacking him and because he could reasonably believe crawling under a truck was necessary to protect himself. The excessive force claims here, accepting the version of events alleged by Stephens, were thus necessarily inconsistent with his conviction for resisting arrest and are barred by Heck.

Stephens further argues that the summary judgment evidence does not establish that he pled guilty to the crime of resisting arrest, because his plea document was entitled "Misdemeanor Plea of Guilty/Nolo Contendere" and did not specify which of the two he pled. He argues that, viewing this document in the light most favorable to him, the district court should have assumed that he pled nolo contendere. However, the summary judgment record also included a document entitled "Judgment on Plea of Guilty/Nolo Contendere/Not Guilty,"

which clearly indicates that Stephens pled guilty to resisting arrest and did not plead nolo contendere. Moreover, Stephens, who was represented by counsel at the time, filed a response to Sanchez's motion for summary judgment. He did not dispute before the district court Sanchez's contention that he had pled guilty and only objected to the documents on the grounds that they were hearsay. Generally, we do not consider issues that were not raised below, Castillo v. Barnhart, 325 F.3d 550, 553 (5th Cir. 2003), and the interests of justice do not demand that we do so here.

The district court also dismissed the plaintiff's claims against Officer Dominguez, another Houston police officer. Stephens alleges that the district court ignored the affidavits he produced in dismissing the claims against both officers. This claim is incorrect. As to Officer Sanchez, the district court relied solely on its conclusions based on Heck. As to Officer Dominguez, the district court correctly pointed out that none of the affidavits, including the plaintiff's own statement, allege by name that Dominguez participated in any beatings or other constitutional violations.

Stephens argues that the district court erred in dismissing his claims that the defendants were deliberately indifferent to his medical needs by delaying his treatment. The district court correctly dismissed the claims, noting that the medical records show Stephens was treated within three hours of his encounter with police and that there was no allegation that the delay resulted in substantial harm. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).

Finally, Stephens asserts that the district court erred in dismissing his suit against the City of Houston because the alleged constitutional violations did not result from a municipal custom or policy. We have reviewed the district court's decision and find no error.

Because the district court did not err in granting summary judgment on Stephens's claims, we AFFIRM.