liPER CURIAM.*
We granted certiorari in this case to consider whether the court of appeal erred in reversing the judgment of the trial court and awarding plaintiff damages for illegal detention.
FACTS AND PROCEDURAL HISTORY
On the night of October 8, 1996, Joseph McCauley was visiting the home of Herman Doyle, and had his vehicle parked in Mr. Doyle’s driveway. As Mr. Doyle was preparing to walk his dog, he noticed an individual, later identified as Jerbert Frank, burglarizing Mr. McCauley’s vehicle. Mr. Doyle began chasing the perpetrator, and called out for those inside his house to telephone the police.
Subsequently, the police apprehended Mr. Frank several blocks from Mr. Doyle’s home. The arresting officer, Sergeant Patrick Foret of the Ville Platte Police Department, placed Mr. Frank in the back seat of his police car and brought him to Mr. Doyle’s home for identification. Mr. Doyle identified Mr. Frank as the perpetrator of the offense. While Mr. Frank was in the back of the police car, Mr. McCauley grabbed him by the collar and allegedly struck him once or twice.[1]
Sergeant Foret then transported Mr. Frank to the police station, where he was charged with simple burglary and theft. Shortly after the arrest, the officers learned that Mr. Frank was on parole from an earlier offense and notified Mr. Frank’s parole officer of his arrest. On October 9, 1996, the Department of Public Safety and Corrections sent the following letter to the Ville Platte Police Department:
RWouId you please accept this letter as your authority to hold Jerbert Frank who was placed in the Ville Platte city jail by police officers on 10-8-96. Please show this subject as being detained for this Department as a parole violator.
On October 18, 1996, Mr. Frank’s parole officer spoke with him at the Ville Platte jail and asked him whether he wanted to have an immediate hearing on his parole violation, or defer the hearing until a later date, pending the filing of the new charges. Mr. Frank indicated he wished to defer the parole revocation hearing.
On October 21, 1996, a criminal summons was issued to Mr. Frank by the District Attorney of the Thirteen Judicial District Court. On October 23,1996, he was brought before a magistrate for the purpose of appointment of counsel and setting of bail, pursuant to La.Code Crim. P. art. 230.1.[2] Mr. Frank ultimately pled guilty to simple burglary and was sentenced to fifteen months’ imprisonment.
Mr. Frank subsequently filed the instant civil suit against the City of Ville Platte *889 (“city”). In his petition, he alleged the city was negligent in allowing Mr. McCauley to commit a battery on him while he was in the city’s custody. He further alleged the city falsely imprisoned him by failing to hold the “seventy-two hour hearing” mandated by La. Code Crim. P. art. 230.1 until nearly fifteen days after his arrest.
After a bench trial, the trial court rendered judgment in favor of the city and dismissed plaintiffs suit with prejudice. Plaintiff appealed this judgment. The court of appeal affirmed the trial |3court’s judgment in part and reversed it in part.[3] The court affirmed the trial court’s finding of no liability on the part of the city for the battery of plaintiff by Mr. McCauley, concluding there was no manifest error in the trial court’s conclusion that Sergeant Foret acted reasonably under the circumstances.
However, the court of appeal reversed that portion of the judgment denying plaintiffs claim for damages resulting from the city’s failure to bring him before a judge within seventy-two hours of his arrest. The court found that the city violated La.Code Crim. P. art. 230.1, since it kept plaintiff in custody for over fifteen days prior to holding the seventy-two hour hearing. Based on this finding, the court concluded the trial court erred in dismissing plaintiffs claim for illegal detention beyond seventy-two hours. It reversed this portion of the trial court’s judgment and awarded plaintiff general damages in the amount of $2,500.
Upon the city’s application, we granted certiorari.[4] The sole issue before us is whether the court of appeal erred under the facts of this case in awarding plaintiff damages for illegal detention.[5]
DISCUSSION
It is undisputed that plaintiff was not brought before a judge within seventy-two hours of his arrest, as required by La.Code Crim. P. art. 230.1, and that a hearing pursuant to this article was not held until approximately fifteen days after his arrest. However, the city contends that during this time, plaintiff was being detained as a parole violator at the direction of the Department of Public Safety and Corrections (“DPSC”). The city maintains that it was not under an obligation to bring plaintiff before a judge pursuant to La.Code Crim. P. art. 230.1 until the DPSC made a decision to release plaintiff from the parole hold.
UWe have not previously passed on the question of whether a law enforcement authority arresting a person on parole for an offense unrelated to his parole has an obligation to bring that person before a judge within seventy-two hours of his arrest, as required under La.Code Crim. P. art. 230.1. However, the mandatory language of the article, as well as persuasive federal case law,[6] suggests that the mere fact a person is on parole does not relieve a law enforcement authority arresting a person for an offense unrelated to the parole from bringing that person before a judge within seventy-two hours of the arrest.
Nonetheless, even assuming the city violated La.Code Crim. P. art. 230.1 in the instant case, we find plaintiff has failed to prove he was damaged by this violation. The remedy for a violation of this article is release of the arrested person from custody. La.Code *890 Crim. P. art. 230.1(C).[7] However, plaintiff herein was not entitled to be released from custody because he was being held pursuant to a parole hold by the DPSC. Therefore, it cannot be said that plaintiff was damaged by his loss of freedom during the fifteen day period.
Plaintiff suggests that had the city timely brought him before a judge, the judge would have appointed counsel for him and this counsel may have been successful in having the parole hold released. We find such an argument is purely speculative. Plaintiff has not shown that his appointed counsel could have promptly secured a release of the parole hold. Under these circumstances, it is impossible to say that plaintiff proved he was damaged by the city’s failure to hold the seventy-two hour hearing timely.
In sum, we find the court of appeal erred in awarding plaintiff damages for illegal detention. This judgment must be reversed.
kjDECREE
For the reasons assigned, the judgment of the court of appeal awarding damages to plaintiff, Jerbert Frank, for illegal detention beyond seventy-two hours is reversed. The judgment of the district court dismissing plaintiff’s suit with prejudice is reinstated. All costs in this court are assessed against plaintiff.
JOHNSON, J., dissents and assigns reasons.

 Traylor, J. not on panel. Rule IV, Part II, § 3.

. Mr. McCauley was later arrested for battery and interfering with the duties of an officer.

. La.Code Crim. P. art. 230.1 provides:
A.The sheriff or law enforcement officer having custody of an arrested person shall bring him promptly, and in any case within seventy-two hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the seventy-two hour period referred to herein. The defendant shall appear in person unless the court by local rule provides for such appearance by telephone or audio-video electronic equipment.
B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.
C. If the arrested person is not brought before a judge in accordance with the provisions of Paragraph A of this Article, he shall be released forthwith.
D. The failure of the sheriff or law enforcement officer to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant.

. Frank v. City of Ville Platte, 98-155 (La.App. 3d Cir.6/3/98), 715 So.2d 530.

. Frank v. City of Ville Platte, 98-1819 (La. 10/30/98), 723 So.2d 966.

. Plaintiff did not seek review of the portion of the court of appeal’s judgment affirming the dismissal of his battery claim, and this portion of the judgment is now final.

. In United States v. Harrison, 461 F.2d 1127 (5th Cir.), cert. denied, 409 U.S. 884, 93 S.Ct. 174, 34 L.Ed.2d 140 (1972), the court addressed the question of whether a person arrested for parole violations is required to be taken before a magistrate "without unnecessary delay,” as required by Fed. Rule Crim. P. 5(a). The court concluded this requirement did not apply to persons arrested under a parole violator warrant. However, in a footnote, the court stated:
We do not deal here with a situation where the parole violator is arrested for an offense unrelated to his parole violation or where the arrest for parole violation is a pretext for an arrest for another offense. In such situations, the argument for the applicability of Rule 5(a) is more persuasive.

. In State v. Wallace, 392 So.2d 410 (La. 1980), we indicated that an arrested person who was not brought before a judge in seventy-two hours may have a claim for civil damages resulting from violation of the mandate of La.Code Crim. P. art. 230.1(A). However, at that time, La.Code Crim. P. art. 230.1 did not provide a remedy for a violation of the article. Subsequently, the legislature added La.Code Crim. P. art. 230.1(C), as well as a provision in La.Code Crim. P. art. 230.1(D) that the failure to comply with the article "shall have no effect on the validity of the proceedings against the defendant.”