It CRIGLER, Judge Pro Tempore.
The trial court granted summary judgment against plaintiff, John D. Colquitt, rejecting his claim that the Claiborne Parish Sheriffs Office and the Claiborne Parish Sheriff had held him in the parish jail illegally. For the reasons expressed herein, we affirm the trial court’s judgment.

Factual Background

On April 12, 1998, Colquitt, who was out of prison on parole and under the supervision of the Louisiana Department of Public Safety and Corrections (“DPS”), was arrested by Homer city police officers for carrying a concealed weapon by a felon and for disturbing the peace by appearing *472 intoxicated in public, a violation of La.R.S. 14:103 A(3). He was booked into the Claiborne Parish jail, and DPS then placed a hold on Colquitt for parole violations, specifically, carrying a concealed weapon, drinking, and appearing in public in an intoxicated condition. Within 48 hours, on April 14, he had waived his right to a preliminary hearing on the parole violations and 'pled guilty. At the same time he admitted that “probable cause exists to believe” that he committed a crime. Accordingly, Colquitt’s parole was revoked. On May 3, he subsequently was charged by bill of information with a violation of La. R.S. 14:95.1, possession of a concealed weapon by a convicted felon. On June 2, 1998, in a preliminary examination hearing, the district court found sufficient probable cause to charge Colquitt with a felony and to continue to hold him in custody pending a trial. He ultimately served his sentence and was released on January 26,1999.
On April 21, 1999, he filed a petition for damages against the Claiborne Parish Sheriffs Office and the Claiborne Parish Sheriff, alleging that after being arrested by the Homer police, he was held in jail illegally because the arresting officers did not complete a 48-hour affidavit pursuant to La.C.Cr.P. art. 230.2. He also claimed that he told the sheriff that his detention was illegal, but the sheriff | ?did nothing to help him get out of jail. The trial court granted the defendants’ motion for summary judgment and dismissed Colquitt’s claims, finding that his imprisonment was based on proper legal authority as there was probable cause to arrest Colquitt, and his continued custody was legally authorized by the DPS detainer, the parole revocation, and the preliminary examination findings. This appeal followed.

Discussion

Under La.C.Cr.P. art. 230.2, when a law enforcement officer arrests a person without a warrant, the officer is to promptly complete an affidavit of probable cause and submit it to a magistrate. Persons remaining in custody pursuant to a warrantless arrest are entitled to a determination of probable cause within 48 hours of arrest, and this determination may be made without the presence of the defendant and upon affidavits or other written evidence. If a probable cause determination is not timely made, the arrested person is to be released on his own recognizance.
In the instant case, the burden of completing the affidavit fell on the Homer police officers who effected Colquitt’s arrest. These officers were not employees of the Claiborne Parish Sheriffs Office and were not under the control of the Claiborne Parish Sheriff. Thus, any omission in promptly completing an affidavit of probable cause cannot be attributed to either the Claiborne Parish Sheriffs Office or the Claiborne Parish Sheriff.
The intent underlying Article 230.2 is to ensure that within 48 hours of a warrant-less arrest, probable cause supporting the arrest existed. In the instant case, within 48 hours of Colquitt’s arrest, he formally admitted his guilt of parole violation charges, his parole was revoked, and DPS placed a detainer on him. Thus, before the time that Colquitt might otherwise have been entitled to be released on his own recognizance under Article 230.2, the defendants had reason |3to continue holding him in custody because of the DPS’s detainer. We also note that the district court conducted a subsequent preliminary examination on the felony charge of possession of a firearm by a convicted felon, and found sufficient probable cause for charging Colquitt with that crime.
This case is analogous to Frank v. City of Ville Platte, 98-C-1819 (La.4/13/99), 730 So.2d 887. In that case, the plaintiff, who was arrested for burglary and theft by the city police department, was- not brought before a judge within 72 hours of his arrest as required by La.C.Cr.P. art. 230.1. However, the city maintained that it was not under an obligation to do so because, the DPS had placed a hold on the plaintiff *473 for violation of parole. The Louisiana Supreme Court indicated that the mere fact a person is on parole does not relieve the law enforcement authority arresting a person for an offense unrelated to the parole from bringing the person before a judge within 72 hours. However, the court held that even assuming the city violated Article 230.1, the plaintiff was not damaged. This was because the remedy for violation of Article 230.1 was release of the arrested person from custody, but the plaintiff was not entitled to be released because of the hold placed by the DPS for parole violation. Accordingly, the court concluded the plaintiff was not damaged.
Similarly, the same reasoning applies with even greater force in the instant case. Just as the remedy for the alleged violation of Article 230.1 in Frank would have been release of the arrested person from custody, the remedy for the alleged violation of Article 230.2 in the instant case would have been release of Colquitt from custody. However, Colquitt was not entitled to release from custody because of the parole hold placed upon him by the DPS. Accordingly, as was true for the plaintiff in Frank, Colquitt was not damaged by his incarceration. Further, we observe that unlike the plaintiff in Frank, Colquitt was not being held by the same law enforcement authority that arrested him, and within 48 hours of Colquitt’s |4arrest he had formally admitted his guilt to parole violations.
Under La.C.C.P. art. 966, when a party shows that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law, summary judgment shall be rendered. In this case, the defendants have successfully shown that there were no genuine issues of material fact, and that judgment against Colquitt was appropriate as a matter of law.

Conclusion

For the reasons stated above, the judgment of the trial court is affirmed. Costs are assessed to Colquitt in accordance with La.C.C.P. art. 5181 et seq.
AFFIRMED.