# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2009

No. 08-60004

Charles R. Fulbruge III
Clerk

ALICE FAYE COX

Plaintiff - Appellant

v.

DESOTO COUNTY, MISSISSIPPI

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi

Before SMITH, OWEN, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Alice Cox appeals the decision of the district court granting summary judgment against her claims based upon the defense of collateral estoppel emanating from a ruling in an administrative proceeding. For the reasons set forth below, we REVERSE the judgment as to her ADEA retaliation claims and REMAND those claims; we AFFIRM the remainder of the district court's judgment.

**I.**

**Factual Background**

Cox was a secretary in the sheriff's office of DeSoto County. She alleges that, as a result of her age and her refusal to campaign actively for the sheriff's re-election, she was transferred from her secretarial position to a position in the jail for which she was not trained or qualified. In November of 2003, she filed suit on these claims; she continued to be employed at the jail. In October of 2004, while her first suit was pending, she made a report to her jail supervisor to the effect that she had witnessed abuse of a jailed inmate by several officers.

Following an investigation by the DeSoto County District Attorney's office, it was found that no misconduct occurred and that Cox gave inconsistent statements about the events she allegedly witnessed. Cox was terminated for giving a false report. She amended her complaint in the wrongful transfer lawsuit, contending that DeSoto County terminated her in retaliation for filing the wrongful transfer lawsuit and that the reason given for her firing was pretextual. She later sued several individual defendants, such as the sheriff and the district attorney; that suit was consolidated with the original DeSoto County suit.

Cox filed for unemployment benefits. The Mississippi Employment Security Commission (MESC) conducted a hearing and determined that Cox was not eligible for benefits because she was discharged for work-related misconduct. She unsuccessfully appealed to an Appeals Referee and Board of Review. She then filed an appeal in the local circuit court, which she ultimately dismissed.

After the dismissal of her administrative case, the defendants in the wrongful transfer/termination case filed a motion for summary judgment contending that the collateral estoppel effect of the MESC ruling barred her case in federal district court. The court granted the summary judgment as to the termination claims, but it conducted a jury trial on the original transfer claims. The jury found for Cox on the age claim and for the County on the First

Amendment claim (relating to the sheriff's re-election campaign issue). The district court entered judgment on the jury verdict and the previously-granted summary judgment.

On appeal, no one challenges the judgment on the jury verdict, so we do not consider the original wrongful transfer claims. The other claims are based upon the contention that Cox was fired for filing the original wrongful transfer lawsuit, a suit predicated partially on age discrimination, and the contention that the county's proffered reasons for Cox's discharge were false and pretextual.[1]

## II.

### Standard of Review

Because the appeal concerns only the portion of the judgment that was based upon the court's original summary judgment, our review is de novo.[2] *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006).

## III.

### Discussion

*A.  Should this Court Give Collateral Estoppel Effect to the MESC's Findings?*

The law is clear that "when a state agency acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's fact-finding the same preclusive effect to which it would be entitled in the State's courts." *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986) (internal quotation

---

[1] Although couched as violations of constitutional rights and interference with employment, her claims against the individual defendants are based upon the same contention – that they caused her to lose her job because of the wrongful transfer suit and that their handling of the investigation was biased and improper.

[2] Defendants contend that Cox failed to appeal properly this case as against the individual defendants. While it is not a model notice of appeal, we conclude that Cox adequately filed her appeal against all defendants.

marks, alteration, and citation omitted). In Mississippi, administrative decisions are given preclusive effect. *Smith v. University of Mississippi*, 797 So. 2d 956, 963 (Miss. 2001). Specifically, the decisions of the MESC are given preclusive weight in Mississippi courts, if supported by the evidence and in the absence of fraud. MISS. CODE ANN. § 71-5-531 (Rev. 2000); *Raiola v. Chevron U.S.A., Inc.*, 872 So. 2d 79, 84 (Miss. Ct. App. 2004).

Although Cox voluntarily dismissed her judicial appeal of the MESC ruling, she now seeks to attack that ruling collaterally by contending that a non-judicially reviewed decision of the MESC should not be granted preclusive effect. She also contends that the ruling was not based upon substantial evidence and was tainted with fraud. Cox's failure to fully pursue an appeal under § 71-5-531 does not undermine the preclusive effect of the MESC's decision. *See Raiola*, 872 So. 2d at 84 (forbidding collateral attack of MESC decision where claimant sought and received voluntary dismissal of appeal under § 71-5-531). If there were no opportunity for judicial review, we would have a potentially different situation. Here, however, it is Cox who failed to pursue her appropriate avenues to challenge the judgment. Had she done so, she would have had the opportunity to present evidence, if any, that the MESC's decision was tainted by fraud or based on a lack of substantial evidence. *See NCI Bldg. Components v. Berry*, 811 So. 2d 321, 329 (Miss. Ct. App. 2001) (noting that a court lacks the power to overturn the findings of the MESC unless evidence is presented that the findings are "riddled with fraud" or based on a lack of substantial evidence). Because Cox failed to fully avail herself of this avenue, she cannot now collaterally attack the MESC's decision.

*B. Does Collateral Estoppel Bar Cox's Claims?*

The parties concede, under Supreme Court authority, that collateral estoppel does not apply to state administrative decisions where Congress has provided for a detailed administrative remedy such as that found in the Age

Discrimination in Employment Act (ADEA). *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 110-14 (1991). The ADEA has an anti-retaliation section which was arguably implicated by Cox's complaint that she was discharged in retaliation for filing her original complaint under the ADEA. *See* 29 U.S.C. § 623(d). Defendants contend that Cox failed to raise this issue in the district court, but we note that she did raise it, albeit not in great detail.[3] Thus, we conclude that Cox's claims based upon the ADEA anti-retaliation provisions are not barred by collateral estoppel.

Cox's remaining claims that were not addressed by the jury verdict center on the alleged wrongfulness of her discharge. Other than the ADEA retaliation claim, they are barred by the preclusive effect of the MESC finding regarding the reason for her discharge. In her reply brief, Cox claims that the MESC finding, even if true, would not prevent her claims because her discharge could have been caused by a mixed motive – her misconduct and a protected reason. At oral argument and by subsequent letter to the court, her attorney conceded that he could not point to any place where a mixed-motive claim was raised in the district court.[4] *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 n.3

---

[3] In the district court, Cox stated: "Also to the extent Plaintiff's claims are based on the anti-retaliation provisions of the ADEA, collateral estoppel does not bar these claims, because state administrative provisions which are not judicially reviewed do not have preclusive effects on claims made pursuant to a detailed administrative scheme to regulate employment discrimination."

[4] In a post-argument letter, Cox's counsel contends that this court should consider the mixed-motive issue despite the absence of any raising of this issue before the district court, citing to certain Seventh Circuit cases. *See Flynn v. Sandahl*, 58 F.3d 283 (7th Cir. 1995); *Johnson v. Gudmundsson*, 35 F.3d 1104 (7th Cir. 1994); *Glass v. Dachel*, 2 F.3d 733 (7th Cir. 1993). However, he concedes that Fifth Circuit precedent, by which we are bound, is to the contrary. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) ("It is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court."). Our cases are clear that mixed-motive must be raised in the trial court by the party seeking to rely upon it on appeal. *See Nasti v. CIBA Specialty Chem.*, 492 F.3d 589, 595 (5th Cir. 2007) (finding waiver of mixed-motive claim because no concession of legitimate, non-discriminatory reason for discharge made before

(5th Cir. 2007) ("It is well settled that we do not consider issues raised for the first time on appeal."). Additionally, we customarily do not consider an appeal point raised for the first time in a reply brief. *Carmona v. Southwest Airlines Co.,* 536 F.3d 344, 347 n.5 (5th Cir. 2008). Thus, we do not reach the question of whether a mixed-motive claim would survive the MESC finding in this case.

## IV.

## Conclusion

For the foregoing reasons, summary judgment on Cox's claims based upon retaliation in violation of the ADEA anti-retaliation provisions is REVERSED and those claims are REMANDED to the district court for proceedings consistent with this opinion. In all other respects, the district court's judgment is AFFIRMED.

---

district court). Cox did not raise this issue anywhere before the district court – in her pleadings or in the summary judgment papers. Thus, we decline to address this issue for the first time at this late date.