# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-30152

CHRISTOPHER BUCKENBERGER,

Plaintiff–Appellant,

v.

WALTER REED, District Attorney; JOSEPH OUBRE, Prosecutor; SCOTT
GARDNER, Prosecutor; EARNEST BARROWS, Third-Party Counsel;
ROBERT STAMPS, Former Public Defender; JOHN SIMMONS, Director, St.
Tammany Parish, Louisiana; HAYWOOD JARRELL, Police Officer;
UNIDENTIFIED PARTIES,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-7393

Before DAVIS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Christopher Buckenberger appeals the district court's grant of summary
judgment in favor of Officer Haywood Jarrell dismissing all of Buckenberger's
claims with prejudice and the district court's dismissal of all claims against the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

other defendants as frivolous. We affirm in part, reverse in part, and remand for further proceedings.

## I

In the underlying case, a witness observed Buckenberger attempting to run over a woman with his vehicle. The police were summoned, and when Officer Jarrell arrived, he observed Buckenberger on top of the victim with his pants pulled down and his hands around the victim's neck. Officer Jarrell intervened and handcuffed Buckenberger, who began kicking and spitting and told Jarrell "I'm going to kill all of you all. . . . I done twelve years at Angola, and I'll be—I'm going to kill you all. I'm not scared of you all."

A jury convicted Buckenberger of attempted second-degree murder, attempted forcible rape, attempted second-degree kidnapping, and two counts of public intimidation. In a separate proceeding relating to his struggle with Jarrell, Buckenberger pleaded guilty to battery, intentional interference with a law enforcement officer, and attempted battery.

Following his conviction, Buckenberger commenced an action under 42 U.S.C. § 1983 against District Attorney Walter Reed; Prosecutors Joseph Oubre and Scott Gardner; third-party counsel Earnest Barrows; former public defender Robert Stamps; the director of the Indigent Defender Board, John Simmons; Officer Jarrell; and "unidentified parties." Buckenberger alleged that he was arrested without a warrant, that the defendants failed to secure a timely probable-cause determination after the arrest, and that Jarrell used excessive force when effectuating the arrest.

The magistrate judge determined that Reed, Oubre, and Gardner were absolutely immune in their individual capacities because their actions were taken with respect to Buckenberger's prosecution. To the extent that these claims were made against the defendants in their official capacities, the magistrate judge determined that Buckenberger had failed to state a claim

because he did not allege that the purported constitutional violations stemmed from an official policy or custom of the St. Tammany Parish District Attorney's Office. The magistrate judge recommended that the claims against Barrows, Stamps, and Simmons be dismissed because they were defense attorneys and thus not state actors.

The magistrate judge determined that the individual claims against Jarrell should be allowed to proceed but that any official-capacity claims should be dismissed because Buckenberger did not allege that the deprivation of his constitutional rights resulted from an official policy or custom. The district court adopted the magistrate judge's recommendations and dismissed all of Buckenberger's claims except his individual-capacity claims against Jarrell. The district court never ordered service upon any party other than Jarrell.

Jarrell later moved for summary judgment, arguing that Buckenberger's claims were barred by *Heck v. Humphrey*[2] and *Hudson v. Hughes*.[3] Jarrell did not claim qualified immunity.

The magistrate judge determined that Buckenberger's guilty-plea convictions barred his claims for false arrest unless and until he received a favorable determination on all of the charges for which he was arrested. The magistrate judge also determined that Buckenberger's claim that Jarrell used excessive force during his arrest was barred by *Heck* due to his conviction for battery. Finally, the magistrate judge determined that because Jarrell transferred Buckenberger to the custody of the St. Tammany Parish Sheriff's Office on the day of his arrest (because the City of Madisonville did not have a

---

[2] 512 U.S. 477 (1994) (holding that dismissal is required when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence).

[3] 98 F.3d 868, 872-73 (5th Cir. 1996) (holding an excessive-force claim was barred by *Heck* where it would imply the invalidity of a conviction for battery).

lockup facility), Jarrell should not be held liable for any subsequent delay in the probable-cause hearing because it could not be said that he participated in or caused that delay. The district court adopted the magistrate judge's recommendations, granted the motion for summary judgment, and dismissed Buckenberger's claims against Jarrell. Buckenberger timely appealed.

## II

We review the district court's grant of summary judgment de novo.[4] We also review de novo a district court's dismissal of a complaint for being frivolous and failing to state a claim under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, respectively.[5] A complaint is frivolous "if it lacks an arguable basis in fact or law."[6] A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory."[7] Claims are factually frivolous when they are based on factual allegations that are delusional, fantastic, fanciful, or otherwise clearly baseless.[8]

## III

To state a claim under § 1983, a plaintiff must allege two elements: (1) he was deprived of a right or interest secured by the Constitution and laws of the United States, and (2) the deprivation occurred under color of state law.[9] Additionally, a plaintiff must show "that the defendant was either personally

---

[4] *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008).

[5] *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (reviewing de novo the district court's dismissal when it referred to both 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C § 1915A).

[6] *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998)).

[7] *Id.* (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).

[8] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

[9] *James*, 535 F.3d at 373.

involved in the deprivation or that his wrongful actions were causally connected to the deprivation."[10]

## A

Buckenberger claims that the defendants in this case and the victim in the underlying case provided false testimony. Buckenberger claims that without this allegedly false testimony, the State lacked probable cause to arrest him. This claim is foreclosed by the Supreme Court's decision in *Heck v. Humphrey*.[11] Under *Heck*, when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit, and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the suit must be dismissed.[12] Because the same allegedly false testimony was used in the underlying criminal trial, a determination by this court that the State lacked probable cause would imply the invalidity of his conviction. Therefore, this claim must be dismissed.

## B

Buckenberger argues that his rights under the Fourth Amendment and Louisiana Code of Criminal Procedure article 230.2 were violated because no probable-cause hearing was held within forty-eight hours of his arrest.

The Supreme Court has stated that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest."[13] When an arrest is made without a warrant, the arrestee is entitled to a "timely judicial determination of probable cause."[14] The

---

[10] *Id.*

[11] 512 U.S. 477 (1994).

[12] *Id.* at 486-87.

[13] *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975).

[14] *Id.* at 126.

Supreme Court has held that a probable cause determination made within forty-eight hours of arrest will generally comply with this requirement.[15] If no determination is made within forty-eight hours, the burden shifts to the government to demonstrate that the delay was justified by the existence of an emergency or other extraordinary circumstance.[16] States are allowed to adopt their own procedures to satisfy the Fourth Amendment requirements.[17] Under Louisiana Code of Criminal Procedure article 230.2:

> Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of probable cause within forty-eight hours of arrest.[18]

Jarrell does not dispute that Buckenberger did not receive a probable cause determination within forty-eight hours of his warrantless arrest and offers no explanation for the delay.

A party who has suffered a violation of a constitutional right is entitled to nominal damages even if he or she cannot show any injury.[19] As this court recognized in *Lewis v. Woods*:

> A violation of constitutional rights is never *de minimis* . . . . Far from taking no notice of constitutional violations, the law awards nominal damages when such violations occur without causing injury even though no damages will lie for other, lesser torts that do not cause injury.[20]

The failure to bring Buckenberger before a magistrate within forty-eight

---

[15] *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).

[16] *Id.*

[17] *Gerstein*, 420 U.S. at 123-25.

[18] LA. CODE CRIM. PROC. art 230.2.

[19] *See Carey v. Piphus*, 435 U.S. 247, 266 (1978) (stating that "the denial of procedural due process should be actionable for nominal damages without proof of actual injury").

[20] 848 F.2d 649, 651 (5th Cir. 1988).

hours to determine if probable cause existed is a violation of Buckenberger's Fourth Amendment rights. Buckenberger's claim falls within the narrow range of cases that are not barred by *Heck* because a determination of the timeliness of his probable cause hearing will not affect the validity of his conviction.[21] Accordingly, Buckenberger's claim for relief for failure to provide a probable cause hearing within forty-eight hours is not frivolous.

To succeed on a § 1983 claim, Buckenberger must also show "that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation."[22] In *Martinez v. California*, the Supreme Court held that a § 1983 defendant cannot be held liable if the deprivation alleged is "too remote a consequence" of the defendant's acts.[23]

Jarrell asserts that the continued detention was not his responsibility once he turned custody of Buckenberger over to the St. Tammany Parish Sheriff's Office. However, pursuant to Louisiana Code of Criminal Procedure article 230.2:

> A law enforcement officer effecting the arrest of a person without a warrant shall promptly complete an affidavit of probable cause supporting the arrest of the person and submit the same to a magistrate.[24]

Jarrell stated that when he released Buckenberger into the sheriff's custody, he submitted a booking information sheet to the sheriff's office to show probable cause for the arrest. While Jarrell may not have been directly responsible for

---

[21] *See Gerstein*, 420 U.S. at 119.

[22] *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008); *see also Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (holding that the plain language of § 1983 requires proof that the defendant engaged in conduct that "subjects, or causes [the plaintiff] to be subjected" to a deprivation of federally protected rights).

[23] 444 U.S. 277, 285 (1980).

[24] LA. CODE CRIM. PROC. art 230.2.

Buckenberger during his custody, under Louisiana law, Jarrell cannot transfer the burden of satisfying Louisiana Code of Criminal Procedure article 230.2 to the St. Tammany Parish Sheriff's Office.[25] Based on the record and briefs before us, we cannot conclude as a matter of law that Jarrell's failure to provide an affidavit to the magistrate was not causally connected to the deprivation.

There is a question as to whether the other named defendants as well as "unidentified parties" shared in the liability for the violation of Buckenberger's Fourth Amendment rights. "It may be that some, or perhaps none, of the named defendants can be held responsible" for the constitutional violation.[26] Buckenberger never had an opportunity for discovery because the district court never ordered service of process on the defendants other than Jarrell. Discovery may yield additional parties responsible for the violation of Buckenberger's Fourth Amendment rights. "When a pro se plaintiff's suit raises a constitutional claim, but he has inadvertently sued the wrong parties, he should [be] given leave to amend to sue the appropriate party or parties."[27] Buckenberger's allegations show a probable constitutional violation by someone. Therefore, we remand this issue to the district court for further proceedings.

## C

Buckenberger contends that Jarrell used excessive force during the arrest. This argument is foreclosed by this court's opinion in *Hudson v. Hughes*.[28] In

---

[25] *See Colquitt v. Claiborne Parish Sheriff's Dept.,* 33,509 (La. App. 2 Cir. 6/21/00); 765 So. 2d 471, 472 ("In the instant case, the burden of completing the affidavit fell on the Homer police officers who effected Colquitt's arrest. These officers were not employees of the Claiborne Parish Sheriff's Office and were not under the control of the Claiborne Parish Sheriff. Thus, any omission in promptly completing an affidavit of probable cause cannot be attributed to either the Claiborne Parish Sheriff's Office or the Claiborne Parish Sheriff.").

[26] *Dayse v. Schuldt*, 894 F.2d 170, 174 (5th Cir. 1990).

[27] *Id.*

[28] 98 F.3d 868 (5th Cir. 1996).

*Hudson*, we stated that because self-defense is a justification defense to the crime of battery of an officer, a claim that the arresting officer used excessive force, if proved, would imply the invalidity of the plaintiff's arrest and conviction for battery of an officer.[29]  Because Buckenberger was convicted of battery against Officer Jarrell, this claim is barred by this court's opinion in *Hudson*.

### D

Buckenberger asserts that he has not been afforded a full and fair opportunity to plead his case due to his lack of access to documents, medical records, legal materials, and supplies while in lockdown.  He also contends that Jarrell's alleged use of excessive force rendered him legally blind and that the prison administration has refused to replace his glasses after they were purposefully broken.

Based on Buckenberger's extensive filings before the district court and ample filings before this court, his vision and any alleged lack of supplies did not prevent him from presenting his case, and any claim that he was denied documents or records has not been properly supported.  Accordingly, these conclusory allegations do not support a claim for relief under § 1983.[30]

### E

Buckenberger further contends that Jarrell failed to serve him with a motion to dismiss, resulting in a prejudicial default.  However, Jarrell never filed a motion to dismiss.  Thus, this argument is misplaced.

### F

Buckenberger also argues that he did not timely receive the first of the

---

[29] *Id.* at 873 (holding that the excessive force claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)).

[30] *See Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989) ("A plaintiff may not, however, plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought.").

magistrate judge's report and recommendations and that such delay prevented him from filing timely objections. Buckenberger submitted objections to the magistrate judge's report and recommendations twelve days after the district court adopted such recommendations. He now claims that these objections should have been deemed a Federal Rule of Civil Procedure 59(e) motion. But because a Rule 59(e) motion relates to altering or amending a judgment, and no judgment was entered based on the first report and recommendations, Buckenberger's contention is meritless.

Further, Buckenberger filed a motion for reconsideration of the district court's order under Rule 60(b) regarding this same claim. Buckenberger has not presented any argument regarding how the district court's consideration of his submission under Rule 60(b) was error. Therefore, this claim fails.

## G

Buckenberger argues that the district court abused its discretion in denying his motion to amend his complaint to include the jail employees as defendants. He contends that the St. Tammany Parish jail employees failed to timely examine him for injuries when he was brought there, that they isolated him for ten days until evidence of his injuries disappeared, and that this was done to avoid liability.

Buckenberger never filed a motion to amend. Instead, Buckenberger made his request to amend in his opposition brief to Jarrell's motion for summary judgment. At that time, Buckenberger was not entitled to amend his complaint as of right because Jarrell had already been served and filed an answer.[31] Additionally, Buckenberger has not shown that the district court erred in denying his request to amend under Federal Rule of Civil Procedure 15(a)(2).[32]

---

[31] FED. R. CIV. P. 15(a)(1).

[32] *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Therefore, we conclude that the district court did not abuse its discretion.

**H**

Buckenberger raises several other issues for the first time in his reply brief. "[W]e customarily do not consider an appeal point raised for the first time in a reply brief."[33]  Thus we do not consider any of these arguments.

\*       \*       \*

For the foregoing reasons, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

---

[33] *Cox v. DeSoto County*, 564 F.3d 745, 749 (5th Cir. 2009).