# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2011

No. 10-60405
Summary Calendar

Lyle W. Cayce
Clerk

ALICE FAYE COX,

Plaintiff–Appellant,

v.

DESOTO COUNTY, MISSISSIPPI,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC Nos. 1:03-CV-628 c/w 1:05-CV-323

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Alice Cox appeals the decision of the district court granting DeSoto County's motion for summary judgment on Cox's claim that the County terminated her employment in retaliation for the lawsuit she filed under the Age Discrimination in Employment Act (ADEA).  We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60405

**I**

This is the second time we have heard an appeal related to these cases.[1] In August 2003, Cox was transferred from her secretarial position in the DeSoto County sheriff's office to a position in the "med room" of the County jail. In November 2003, she filed suit against the County in federal district court alleging that she was wrongfully transferred due to age discrimination prohibited by the ADEA and in violation of her First Amendment right not to campaign for the sheriff's reelection.

In October of 2004, while her first suit was pending, Cox submitted a written report to the jail administrator that she had witnessed an incident of inmate abuse. Specifically, the report stated that "Sgt. Winters hit Marcus in the back after he was down and handcuffed." Cox's report resulted in two investigations, one conducted internally by Commander James Dunn and the other by the DeSoto County District Attorney. Both investigations concluded that no misconduct occurred and that Cox gave inconsistent statements about the events she allegedly witnessed. When the investigations were complete, Cox was called before the Sheriff Department's Supervisory Board to explain her report. At the hearing, Cox admitted that she did not see Sergeant Winters make any abusive contact with the inmate. Ultimately, the board's five members voted to terminate Cox's employment for giving a false report.

Cox appealed that decision to the Department's Executive Board, before which she also testified. Seven voting members of the Executive Board unanimously affirmed the Supervisory Board's decision to terminate Cox's employment.

Cox then amended her complaint in the wrongful transfer lawsuit, contending that DeSoto County terminated her in retaliation for filing that suit

---

[1] *See Cox v. DeSoto Cnty., Miss.*, 564 F.3d 745 (5th Cir. 2009).

No. 10-60405

and that the reason given for her firing was pretextual.  She also claimed that she was terminated in violation of her First Amendment rights with respect to reporting abuse.  She later filed a separate suit against several individual defendants, asserting claims based on her termination; that suit was consolidated with the original suit against the County.

Cox also filed for unemployment benefits.  The Mississippi Employment Security Commission (MESC) denied her request for benefits, finding that she was discharged for work-related misconduct.  After a hearing, an Appeals Referee affirmed the denial of benefits on the same grounds.  After the Referee's decision was subsequently affirmed by a Board of Review, Cox filed an appeal in state court.  However, she later voluntarily dismissed that appeal.

The United States District Court for the Northern District of Mississippi granted summary judgment in the County's favor on Cox's termination claims on the basis of collateral estoppel, finding that the MESC ruling barred relitigation of those claims in federal court.  The wrongful transfer claims were tried to a jury, which found for Cox on the ADEA claim and for the County on the First Amendment claim related to the sheriff's reelection.  The parties did not appeal the results of the jury trial, but Cox challenged the court's application of collateral estoppel and grant of summary judgment on the termination claims. This court upheld the grant of summary judgment on all claims except the ADEA retaliation claim, which we remanded in light of Supreme Court precedent "that collateral estoppel does not apply to state administrative decisions where Congress has provided for a detailed administrative remedy such as that found in the [ADEA]."[2]

---

[2] *Id.* at 748-49 (citing *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 110-14 (1991)).

No. 10-60405

After further discovery, the County again moved for summary judgment on the ADEA retaliation claim. The district court granted that motion, and this appeal followed.

## II

We review the district court's grant of summary judgment de novo, applying the same standard as the district court.[3] Summary judgment shall be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]

The *McDonnell Douglas* burden-shifting framework applies to retaliation claims.[5] Under that framework, the burden first lies on the plaintiff–employee to establish a prima facie case of unlawful retaliation.[6] An employee establishes a prima facie case by showing 1) that she engaged in protected activity; 2) that an adverse employment action occurred; and 3) that a causal link existed between the protected activity and the adverse employment action.[7]

After the employee makes a prima facie showing, the employer must articulate a legitimate, non-discriminatory reason for the adverse employment action.[8] Once the employer does so, the burden shifts back to the plaintiff to "adduce sufficient evidence that would permit a reasonable trier of fact to find that the proffered reason is a pretext for retaliation."[9] Ultimately, the employee

---

[3] *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 549 (5th Cir. 2009).

[4] FED. R. CIV. P. 56(a).

[5] *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998).

[6] *Id.*

[7] *Id.* at n.8.

[8] *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[9] *Id.* (citing *McDonnell Douglas Corp.*, 411 U.S. at 804).

No. 10-60405

must "prove that the adverse employment action would not have occurred 'but for' the protected activity."[10]  "The plaintiff must reveal a conflict in substantial evidence on the ultimate issue of retaliation in order to withstand a motion for summary judgment."[11]  "Evidence is substantial if it is of such quality and weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions."[12]

The district court held that Cox failed to establish a prima facie case. The court determined that Cox's original lawsuit and termination fulfilled the first two prongs, but that Cox failed to show that the lawsuit and termination were causally linked, as required by the third prong.

Cox argues that the temporal proximity between the original lawsuit and her termination is sufficient to support a causal link.  This argument fails. Though we have previously held that "[c]lose timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation,"[13] the lengthy period of time between Cox's filing of the lawsuit and her termination—thirteen months—is insufficient to support an inference of causation.[14]

---

[10] *Id.*

[11] *Id.*

[12] *Id.* (internal quotation marks and citation omitted).

[13] *Swanson v. Gen'l Serv. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).

[14] *See, e.g., Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471-72 (5th Cir. 2002) (five month period alone not sufficient to support inference of causal link); *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (noting that "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'" (citing cases holding that three- and four-month periods are insufficient to establish causality)).

No. 10-60405

Absent an inference of causation due to temporal proximity, we have "determined that, in order to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity."[15]  "It is well established that, 'in determining whether an adverse employment action was taken as a result of retaliation, our focus is on the final decisionmaker.'"[16]  Cox has failed to show that any member of the disciplinary boards responsible for her termination was aware of her wrongful transfer lawsuit.

Cox has also failed to present admissible evidence demonstrating that the disciplinary boards acted under the direction of a party with knowledge of Cox's ADEA lawsuit.[17]  She presented no evidence that the sheriff or any other employee with knowledge of her protected activity recommended to the board that she be terminated.  Cox did present an affidavit of a former Sheriff's Department employee who sat on the disciplinary boards prior to Cox's termination.  The affiant stated that either the sheriff or his top deputy instructed the boards to reach certain results.  The district court excluded this

---

[15] *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 (5th Cir. 2003) (citing *Medina v. Ramsey Steel Co., Inc.* 238 F.3d 674, 684 (5th Cir. 2001)); *see also Sherrod*, 132 F.3d at 1122 ("In order to establish the causal link between the protected conduct and the illegal employment action as required by the prima facie case, the evidence must show that the employer's decision to terminate was based in part on knowledge of the employee's protected activity.").

[16] *Ackel v. Nat'l Commc'n, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quoting *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir. 2002)).

[17] *See Sherrod*, 132 F.3d at 1122 ("A causal link can be established by evidence that the ultimate decision maker, with final authority to hire and fire subordinate employees, merely 'rubber stamped' a recommendation to terminate made by an employee with knowledge of the complaint." (citing *Long v. Eastfield College*, 88 F.3d 300, 307 (5th Cir. 1996))).

6

No. 10-60405

evidence, however, and because Cox does not challenge its exclusion on appeal, we do not consider it here.[18]

Finally, Cox argues that we should infer a causal link between her lawsuit and termination because the County's proffered reason for firing her—that she submitted false statements concerning inmate abuse—is false. After reviewing the record, it is clear that it was Cox's report of inmate abuse—and not her ADEA lawsuit—which set in motion the chain of events that culminated in her termination. Absent any specific evidence to the contrary, we cannot infer from the boards' decision to terminate Cox's employment that any board members had knowledge of Cox's original lawsuit. Accordingly, Cox cannot show that a causal link exists, a factor necessary to establish a prima facie case of retaliation.

Moreover, even assuming that a causal link could be established, Cox cannot show that her ADEA lawsuit was a "but for" cause of her termination, as she has not demonstrated "a conflict in substantial evidence on the ultimate issue of retaliation."[19] The district court, therefore, properly granted summary judgment in favor of the County.

## III

Cox also urges us to revisit two issues resolved against her in her first appeal. Specifically, Cox challenges our holding that she is collaterally estopped from pursuing her other termination claims by the MESC's misconduct determination, as well as our refusal to consider her mixed-motive termination argument. Under the law of the case doctrine, neither the district court on remand nor the appellate court on a subsequent appeal may reexamine an issue of law or fact decided on an initial appeal.[20] One exception to the doctrine, which

---

[18] *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 462 n.4 (5th Cir. 2003) ("Failure to raise an issue on appeal constitutes waiver of that argument.").

[19] *Sherrod*, 132 F.3d at 1122.

[20] *See, e.g.*, *Gene & Gene, LLC, v. BioPay, LLC*, 624 F.3d 698, 702 (5th Cir. 2010).

No. 10-60405

Cox argues should apply, allows a court to reexamine a previously decided issue if the previous decision "was clearly erroneous and would work a manifest injustice."[21]   However, Cox has not demonstrated that this court's previous determinations were clear error, and we are therefore prevented from revisiting them now.

\*     \*     \*

The judgment of the district court is AFFIRMED.

---

[21] *Id.*