# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40785

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2014

Lyle W. Cayce
Clerk

United States of America, ex rel. DANNY LYNN SMART,

> Plaintiff - Appellant

v.

CHRISTUS HEALTH, also known as Christus Health System;
CHRISTUS SPOHN HEALTH SYSTEM CORPORATION,

> Defendants - Appellees

UNITED STATES OF AMERICA,

> Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CV-287

Before SMITH, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

This appeal is from the denial of a Rule 60(b) motion in a qui tam action under the False Claims Act ("FCA"), 31 U.S.C. 3729 *et seq*. The principal issue on appeal is whether the instant relator has a right to a share of the settlement received by a relator in a separate qui tam action against the same defendant. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40785

Appellant Danny Lynn Smart ("Smart") contends that a separate qui tam suit filed by Cecilia Guardiola ("Guardiola") constituted a parasitic qui tam action in violation of the FCA.  Smart asserts that because Guardiola's suit involved the same hospitals, physicians, time periods, and billing fraud as his suit, her suit was barred by the first-to-file rule in 31 U.S.C. § 3730(b)(5).[1] Guardiola's suit did involve the same defendant, Christus Spohn Health System Corporation ("Christus"), which owns and operates hospitals. However, the determinative question is whether Guardiola's "later-filed complaint alleges the same material or essential elements of fraud described" in Smart's complaint.  *United States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 378 (5th Cir. 2009).  In an attempt to demonstrate that the complaints allege the same elements of fraud, Smart contends that they both allege violations of the same fraud statutes.  Although both complaints allege claims under the FCA, the underlying allegations of fraud in the complaints do not allege violations of the same statutes.   Unlike Smart's complaint, Guardiola's complaint alleges that the hospital committed billing fraud by improperly using inpatient codes for outpatient procedures in order to obtain more money from the health insurance programs in violation of the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code Ann. § 36.001, *et seq.*  In contrast, Smart's complaint does not allege violations of Texas Medicaid Fraud Prevention Act; instead, he alleged that Christus rented office space at below-market rates to induce doctors to refer patients to its hospitals in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), and the "Stark Law," 42 U.S.C. § 1395nn.

---

[1]  Section 3730(b)(5) provides that:  "When a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."

No. 13-40785

Nonetheless, Smart points out that the settlement agreement in Guardiola's case provided that the Government agreed to release Christus from any claims the Government may have under, *inter alia,* the monetary penalty provisions in the Stark Law and the Anti-Kickback Statute. 42 U.S.C. §§ 1320a-7a & § 1395nn(g)(3). Although the *release* negotiated by Guardiola broadly covered many types of claims, it does not show that Guardiola's suit involved fraud claims that alleged the same essential elements that Smart's complaint raised. When deciding whether the first-to-file bar applies, this Court compares the complaints—not the settlement agreements. *Branch*, 560 F.3d at 378 (explaining that "as long as the later-filed *complaint* alleges the same material or essential elements of fraud described in a pending qui tam action, § 3730(b)(5)'s jurisdictional bar applies") (emphasis added).[2]

Smart also contends that the allegations in his complaint were sufficient to alert the Government to the fraud alleged by Guardiola. As set forth above, the allegations of fraud in the two complaints do not have the same essential elements, and thus, we reject Smart's contention that the Government had "enough information to discover" the fraud alleged in Guardiola's complaint. *Id.*

Smart further contends that Guardiola discovered her allegations of fraud by reading his complaint, which was unsealed a few weeks prior to Guardiola's filing her complaint. Thus, he contends that he is the "original source" of her allegations under the FCA. 31 U.S.C. § 3730(e)(4)(A). The FCA only grants jurisdiction over claims based on publicly disclosed information if a relator is an original source of that information. *Id.* § 3730(e)(4)(A), (B).

---

[2] Smart contends that although the Government distinguishes Guardiola's suit by stating that her case was based on the concept of "upcoding," the term "upcoding" is not contained in her complaint. This contention is meritless. The Government's use of the word "upcoding" was simply a shorthand way to reference or describe the allegations of billing fraud contained in Guardiola's complaint.

No. 13-40785

Here, as previously discussed, the complaints do not have the same essential elements of fraud. Moreover, Smart has pointed to no evidence to show that he had knowledge of the fraudulent billing practices alleged in Guardiola's complaint. The district court properly found that Smart was not an original source under § 3730(e)(4).

In the alternative, Smart's brief states that he should be allowed discovery to demonstrate that he is entitled to his share of the recovery in the Guardiola suit. Smart wholly fails to brief the issue of whether the district court abused its discretion in denying him discovery. Therefore, this argument is deemed abandoned. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."). In his reply brief, Smart states that he did not intend to waive his discovery request. This Court does not usually consider a claim raised for the first time in a reply brief. *Cox v. DeSoto Cnty.,* 564 F.3d 745, 749 (5th Cir. 2009). In any event, the Guardiola complaint was unsealed, and the complaint is all that he needs from the Guardiola suit to determine whether the two complaints allege the same essential elements of fraud. *See Branch*, 560 F.3d at 378. Smart has failed to show that the district court abused its discretion in denying his request for discovery. *See Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011).[3]

For the above reasons, the district court's judgment is AFFIRMED.

---

[3] Smart requested the district court to direct the Government to produce certain information pursuant to the Freedom of Information Act ("FOIA"), and the district court denied the request. Smart has abandoned any challenge to the FOIA issue on appeal.

4