# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60805
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

May 18, 2017

Lyle W. Cayce
Clerk

JERRY L. KENNEDY,

      Plaintiff - Appellant

v.

JEFFERSON COUNTY HOSPITAL,

      Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 5:13-CV-226

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

      Jerry Kennedy was fired by Jefferson County Hospital. Kennedy filed for unemployment benefits, which were denied when an Administrative Law Judge from the Mississippi Department of Employment Security (MDES) found that Kennedy had been terminated for misconduct. His appeal of that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60805

decision to the MDES Board of Review was unsuccessful. Kennedy did not seek judicial review of the administrative ruling.

Instead, Kennedy started from scratch and filed a separate action in state court, asserting claims against a range of parties, including one for breach of contract against the Hospital. After the lawsuit was removed to federal court, the district court granted the Hospital's motion for summary judgment. It concluded that Kennedy was barred from bringing his contract claim because he had failed to appeal the MDES's finding of misconduct in state court. Kennedy then filed a Rule 59(e) motion to alter the judgment, claiming that an intervening change in Mississippi law called for a different result. The district court disagreed. Kennedy now appeals.

We review the district court's denial of Kennedy's Rule 59(e) motion for abuse of discretion. *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). Under this standard, the district court's decision must only be reasonable. *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). Amending a judgment under Rule 59(e) is only appropriate when (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence that was previously unavailable; or (3) there was a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182.

The district court granted the Hospital's motion for summary judgment, in part, because it held that Kennedy could not collaterally attack the MDES's decision that he was fired for misconduct. In so holding, the district court relied on our opinion in *Cox v. DeSoto Cty. Miss.*, 564 F.3d 745, 748 (5th Cir. 2009). That case held that a Mississippi employee could not collaterally attack a decision by a state agency when she could have challenged the ruling through direct appeal. *Id.*, at 748. That is the situation Kennedy is in. He does not dispute that he loses under *Cox*.

2

No. 16-60805

Instead, Kennedy argues that the Supreme Court of Mississippi's opinion in *Linde Health Care Staffing, Inc. v. Claiborne County Hospital* changes this rule. 198 So.3d 318 (Miss. 2016). But, as the district court discussed, *Linde* dealt with entirely separate legal issues from those addressed in *Cox*. In *Linde*, the Supreme Court discussed whether the Federal Arbitration Act or the Mississippi Rules of Civil Procedure applied to the timeliness of a motion for relief of judgment under Mississippi law. *Id.* at 322. It also briefly discussed whether a Mississippi court was required to recognize a foreign judgment that was obtained by extrinsic fraud. *Id.* at 323. Neither of these questions was at issue in *Cox* or here. *Linde* did not discuss *Cox*'s central holding—and its only relevant application to this case—about whether a litigant can collaterally attack a state administrative decision when there was no direct appeal of the ruling. *Cox*, 564 F.3d at 748.

\* \* \*

The district court's denial of Kennedy's Rule 59(e) motion is AFFIRMED.

3