# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2011

No. 11-30342
Summary Calendar

Lyle W. Cayce
Clerk

TERRY WAYNE JONES,

Plaintiff-Appellant

v.

HENRY WHITEHORN; MR. MAYFIELD; UNKNOWN PATROL OFFICER;
POLICE DEPARTMENT CITY OF SHREVEPORT,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CV-1373

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Terry Wayne Jones, Louisiana prisoner # 309459, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil rights action. Jones claimed that his Fourth Amendment rights were violated when police officers entered a residence without a warrant and searched his person. Jones was arrested following discovery of a handgun in his pants, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was subsequently convicted of being a convicted felon illegally in possession of a weapon.

The district court denied Jones's IFP motion and certified that the appeal was not taken in good faith based on its determination that Jones's claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  By moving for IFP status, Jones is challenging the district court's certification.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into Jones's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Jones contends that the district court erred in applying *Heck* to bar his claims; he also asserts that it was error to dismiss his claims with prejudice as frivolous.  He argues generally that, given the independent source and inevitable discovery doctrines, a Fourth Amendment violation does not necessarily impugn the validity of a conviction.  However, Jones does not explain how such doctrines apply to the facts of his case.

Jones has not shown that the district court erred in determining that his claims were barred by *Heck*.  *See Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996).  He has also failed to show that the district court erred in dismissing his *Heck*-barred claims with prejudice as frivolous.  *See Boyd v. Biggers*, 31 F.3d 279, 283-84 (5th Cir. 1994).

The instant appeal is without arguable merit and is thus frivolous.  Accordingly, Jones's request for IFP status is denied, and his appeal is dismissed as frivolous.  *See Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

The district court's dismissal of Jones's complaint as frivolous and our dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  Jones is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or

No. 11-30342

detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.